[Civ. No. 26933. Second Dist., Div. One. Mar. 4, 1963.]

THE TRAVELERS INDEMNITY COMPANY OF HARTFORD, CONNECTICUT, Plaintiff and Respondent, v. BETTY BELL, Defendant and Appellant.

Smith, Netzley & Stevenson and Roger W. Roberts for Defendant and Appellant.

Kean & Engle and Robert W. Engle for Plaintiff and Respondent.

LILLIE, J.—Appellant, the insured under a policy issued by respondent company, appeals from an order setting aside an arbitration award in her favor.

On November 5, 1960, appellant was injured in an automobile accident with an uninsured motorist, Bruno Muehlmann. In effect on that date was a contract of automobile insurance between appellant and respondent Travelers Indemnity Co., which policy, in accord with then section 11580.2, Insurance Code (Stats. 1959, ch. 817, § 1, pp. 2835-7), contained an endorsement of Uninsured Motorist Coverage, among other things, obligating respondent company "To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury. . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such an insured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they failed to agree, by arbitration." (Part IV, Family Protection Insurance.)

Within a month after the accident and under the above policy provision appellant's counsel, by letter in December of 1960, started negotiations with respondent company for payment to her of damages for personal injuries arising out of her accident with Muehlmann. Apparently, they were unable to agree, for on August 18, 1961, appellant filed a formal

demand for arbitration thereby submitting the controversy to arbitration according to the rules of the American Arbitration Association. (Section 20, part IV, insurance contract.) Thereafter, on December 13, 1961, she filed in the municipal court an action for property damage and personal injury against Muehlmann. Although properly served, he failed to appear or answer and a default was entered against him on December 28, 1961. On March 23, 1962, the arbitration matter between appellant and respondent company was heard. At that time appellant offered evidence of Muehlmann's negligence and the extent of her injuries; respondent's defense was twofold—appellant's contributory negligence, and that her right to assert her claim under the Uninsured Motorist Coverage endorsement of the policy was barred because the statute of limitations had run on her claim against Muehlmann, and hence against respondent company. During his argument before the arbitrator, appellant's counsel advised him and respondent company of the default in the municipal court and that all that remained in the case for entry of judgment against Muehlmann was to "prove up" on her claim. On April 10, 1962, the arbitrator made his award of $1,500 in favor of appellant; meanwhile, in the municipal court appellant offered proof of her property damage and personal injuries on the default, and judgment in her favor was entered against Muehlmann in the sum of $1,500. This judgment has never been vacated or set aside, and Bruno Muehlmann has never attempted to vacate or clear the default.

On May 15, 1962, respondent company filed its petition for order vacating arbitration award in the superior court, raising the bar of the statute of limitations. It claimed that the statute of limitations expired on November 5, 1961, so as to bar appellant's claim against Muehlmann, and that inasmuch as after November 6, 1961, appellant was not "legally entitled to recover as damages" any sum from Muehlmann, she was not entitled to recover against it (her insurance carrier). (Pars. VII, VIII, petition.) On June 28, 1962, appellant filed her answer to the petition; and on July 3, 1962, the lower court issued its order granting the petition on the sole ground the "Action Was Barred." (Minute Order, July 3, 1962.)

We first dispose of respondent's contention that in the superior court appellant's response or answer to its petition for order vacating award was not filed within the statutory time (Code Civ. Proc. § 1290.6) and should be disregarded; it

complains that appellant is attempting to raise issues which she did not raise in the court below in a "timely" response. While appellant's answer to the petition was filed on June 28, 1962, there is nothing in the record to indicate that the lower court did not, nevertheless, treat it as timely filed; in the absence of such a showing we assume that in ruling on the petition the lower court considered the answer. In any event, even if the superior court deemed the allegations of the petition to be admitted by appellant's failure to timely serve and file her response (Code Civ. Proc., § 1290), no prejudice has resulted herein to respondent company, for the only ground (the bar of the statute of limitations) upon which the petition was granted was that raised by respondent (par. VII et seq.), and, one at law, it is the sole issue on this appeal.

Section 11580.2, Insurance Code (Stats. 1959, ch. 817, § 1, pps. 2835-7, effective September 18, 1959), and the provisions of the Uninsured Motorist Coverage endorsement in the insurance contract obligate respondent company to pay to appellant all sums she "shall be legally entitled to recover as damages" from Bruno Muehlmann for her personal injuries resulting from the accident; and "for the purposes of this coverage" the determination as to whether appellant is "legally entitled to recover such damages, and if so the amount thereof," depends solely upon agreement between appellant and respondent company, or if they cannot agree, upon the decision of the arbitrator. Inasmuch as appellant and respondent company were unable to agree on the issue, the controversy was submitted to arbitration upon formal demand of appellant; in making the award in favor of appellant the arbitrator impliedly found that she was "legally entitled to recover such damages" from Bruno Muehlmann. The merits of the award relative to negligence and appellant's personal injuries are not here in question. The sole issue is whether the statute of limitations bars appellant's recovery against respondent company under the insurance contract.

Respondent argues that after November 6, 1961, appellant was no longer "legally entitled to recover" against Muehlmann and inasmuch as she did not file her cause of action against him until December 13, 1961, she is barred from recovery against him and hence, the insurance carrier under the contract. Its plea that the statute of limitations, as applied to personal injury actions (Code Civ. Proc., § 350), bars appellant's recovery in arbitration against it under the

policy is without merit, even were we to assume that the one-year limitation (Code Civ. Proc., § 340 subd. (3) ) prevails and applies to the within proceeding. While the statute in effect at that time (Ins. Code, § 11580.2)[1] and the insurance contract are silent on the matter of limitations and contain no time within which a proceeding in arbitration must be commenced, appellant began negotiations on her claim against respondent company within a month (December 1960) of the accident and, upon their failure to agree, instituted formal demand for arbitration on August 18, 1961, well within one year of the date of the accident (November 5, 1960). And while neither the statute nor the policy imposed upon the insured any time limit within which her claim in arbitration must be resolved or settled, we do not doubt that if, as urged by respondent, the time for commencement of civil actions (Code Civ. Proc., part 2, title II, § 312 et seq.) applied, the filing of the formal demand for arbitration suspended or tolled the running of the statute on appellant's claim against respondent company, just as the impending bar of the statute is removed by the filing of a complaint in a personal injury action. ■■■ Borrowing respondent's premise, it would appear, therefore that since the formal demand for arbitration was filed within 10 months after the accident, appellant's claim against respondent under the contract was not barred even though the arbitration hearing was not had and the award was not made until some time later.

■■■ Nor is respondent's claim that after November 6, 1961, appellant was no longer "legally entitled to recover" against Muehlmann because she did not file her cause of action against him within one year after the accident, a valid one. While under the clear wording of the policy it appears that no such affirmative act was required of appellant before the carrier might become liable, appellant nevertheless instituted a civil action in the municipal court against Muehlmann for property damage and personal injury. She filed her complaint December 13, 1961, one month and several days after the one-year statute of limitations had run on her claim against him, and a little less than five months after appellant filed her formal demand for arbitration. Thereafter, Muehlmann was properly served and could well have asserted the defense of the

[1]Section 11580.2, Insurance Code, has since been amended, effective September 15, 1961; the new section does not affect the existing insurance contract at bar. (*Interinsurance Exchange* v. *Ohio Casualty Ins. Co.*, 58 Cal.2d 142 [23 Cal.Rptr. 592, 373 P.2d 640].)

bar of the statute, but he did not do so; he neither appeared nor answered, and a default judgment was entered against him in the sum of $1,500. Moreover, Muehlmann, who was present and testified for respondent company at the arbitration hearing (March 23, 1962), then knew from appellant's counsel that a default had been entered against him although appellant had yet to "prove up" her claim before judgment could be entered in an amount certain, but he at no time thereafter attempted to vacate or clear the default against him and set up the defense of the bar of the statute of limitations (*Lilly-Brackett Co.* v. *Sonnemann,* 157 Cal. 192 [106 P. 715, 21 Ann. Cas. 1279]; *Denke* v. *Bowes,* 77 Cal.App.2d 642 [176 P.2d 81]); nor has the judgment ever been vacated or set aside. Thus, appellant has a valid existing judgment of a competent court of record in her favor against Muehlmann for $1,500.

The fact that the statute of limitations may have run on appellant's claim against Muehlmann at the time she filed suit against him does not affect the substantive right or the validity of the judgment upon which it is based where defendant waived his right to assert the bar of the statute as a defense. It is too well established to require citation of authority that the statute of limitations is procedural. It affects the remedy only, it does not impair the substantive right or obligation (*Mitchell* v. *Automobile etc. Underwriters,* 19 Cal.2d 1 [118 P.2d 815, 137 A.L.R. 923]); but it gives to the party entitled to rely upon it a "special defense, personal in its nature." (*Union Sugar Co.* v. *Hollister Estate Co.,* 3 Cal. 2d 740, 744 [47 P.2d 273].) And since the statute is a "personal privilege" to be asserted or waived at the option of the one entitled to assert it the statute must be affirmatively invoked by him by appropriate pleading or its benefits to him are waived. (16 Cal.Jur. 603; *Coruccini* v. *Lambert,* 113 Cal. App.2d 486, 492 [248 P.2d 457].) Therefore, while Muehlmann could properly have asserted the defense of the bar of the statute, in failing to appear and do so he waived the same and its benefits; and the substantive right involved in appellant's claim against him not having been impaired, the judgment based thereon is valid. At this point it should be noted that on August 18, 1961, when appellant instituted her formal demand for arbitration, the one-year period had not yet run on her personal injury action against Muehlmann. There is no question but that at that time she was "legally entitled to recover" against Muehlmann and, inasmuch as the running

of the statute did not affect the substantive right and Muehlmann at no time ever asserted the bar of the statute as a defense, there was no time during which she was not legally entitled to recover against him. Moreover, respondent company, advised of the status of the municipal court case against Muehlmann at the arbitration hearing, commented: "He (Muehlmann) is relatively ignorant about legal proceedings. He has no attorney . . . he can move to set that aside at any time, and raise the defense." It is true that respondent's counsel had no legal obligation to Muehlmann and in fact could not have properly advised or represented him, but, in view of the fact that the liability of respondent company to appellant under the policy depended upon the arbitrator's determination whether she is legally entitled to recover against Muehlmann, and the further fact that respondent company was at least friendly to Muehlmann, he having testified for it at the arbitration hearing, it is inconceivable to us that if respondent attached any significance to the existence of a default judgment against Muehlmann, it would not have at least suggested to him that he either consult a lawyer in the matter or, himself, move to set aside the default. Not helpful to respondent's contentions is the existence of a valid judgment against Muehlmann, for this appears to defeat any argument that appellant is not "legally entitled to recover such damages" against Muehlmann, she having already reduced her claim for damages to judgment.     If, as it urges, respondent company stands "in Muehlmann's shoes," insofar as the personal injury action is concerned it then must be bound by Muehlmann's waiver of the defense of the bar of the statute and its benefits to him, for the defense is personal to Muehlmann and the judgment, not having been set aside, he is bound by his waiver.

    Nor is any suggestion that the award is unfair to respondent company because the statute of limitations has now run against any subrogated claim it might have had against Muehlmann, supported by the record. In the first place, appellant's claim against Muehlmann has been reduced to a valid judgment; secondly, respondent company was put on notice within a month after the accident that appellant claimed damages for personal injuries against Muehlmann. In December 1960 she was represented by counsel who then began negotiations with respondent company pursuant to part IV of the insurance contract; thus as far back as December 1960 respondent knew of her claim. And on August 18, 1961,

when she instituted her formal demand for arbitration well within a year after the accident, respondent company was aware there was a likelihood that an award would be made against it, for which it would have subrogation rights against Muehlmann under the subrogation provision of the contract. During this time it could have taken whatever steps were necessary to protect the bodily injury claim.

Appellant has complied with the terms of the insurance contract; she insituted a formal demand for arbitration within a year after the accident occurred; and her failure to sue Muehlmann within one year has not prejudiced the rights of respondent company. Thus in view of our holding, we deem it unnecessary to discuss appellant's other contentions.

For the foregoing reasons the order is reversed.

Wood, P. J., and Fourt, J., concurred.