SCHULZ *v.* ALLSTATE INSURANCE COMPANY.

[Cite as Schulz v. Allstate Ins. Co., 17 Ohio Misc. 83.]

(No. 230325—Decided February 15, 1968.)

Common Pleas Court of Franklin County.

*Messrs. Tyack & Scott,* for plaintiff.
*Messrs. Crabbe, Newlon, Bilger, Brown & Jones,* for defendant.

LEACH, J. This case is before the court on the demurrer of the defendant to plaintiff's amended petition on the basis of the claim by the defendant that this action

was not brought within the time limited for the commencement of such action.

It appears from the amended petition that plaintiff sustained personal injuries on October 30, 1963, resulting from the negligence of one Jess M. Allen in the operation of a motor vehicle. The tortfeasor, Mr. Allen, at the time of such accident was not covered by bodily injury liability insurance. This action involves a suit against Allstate Insurance Company under the terms of a contract of insurance providing that:

"Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile."

Such contract of insurance further provides:

"The determination as to whether the insured shall be legally entitled to recover damages, and if so entitled the amount thereof, shall be made by agreement between the insured and Allstate.

"In the event of disagreement and upon written demand of the insured, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association * * *."

Here the amended petition alleges that on or about March 29, 1967, after being unable to agree with defendant as to the amount of damages which the plaintiff was entitled to recover, a demand for arbitration was filed.

The demurrer of the defendant is predicated on the assertion that plaintiff's action, seeking to compel arbitration, is barred by Section 2305.10, Revised Code, which reads:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause of action thereof arose."

To accept this assertion one must conclude that this is an action "for bodily injury" within the purview of Sec-

tion 2305.10, Revised Code, that "the cause of action thereof arose" as against Allstate on October 30, 1963, and that the request for arbitration, first made on March 29, 1967, and first denied thereafter, would be tantamount to beginning an action "for bodily injury" within the purview of such statute of limitations.

In support of this position counsel for defendant relies in large part on the holding of the Ohio Supreme Court in *Andrianos* v. *Community Traction Co.*, 155 Ohio St. 47, that an action for injury to the person predicated not on negligence but instead on breach of an "implied contract of safe carriage" is governed by the two-year statute of limitations.

In *Andrianos* it had been asserted that the two-year statute of limitations was limited in its application to actions in tort and was inapplicable to any action in "contract, express or implied." Under the facts of that case it was held that such two-year statute prohibited a fare paying passenger who sustained bodily injuries during his transportation by a common-carrier of passengers from instituting suit more than two years thereafter on the theory of an "implied contract for safe carriage." There, as obviously distinguished from the instant case, the actions of the defendant *caused* injury to the plaintiff. Here, by virtue of Allstate's contract, it has obligated itself to pay an amount equivalent to that which could be recovered in a negligence action, but we think it clear that the "cause of action" is not one for "bodily injury" within the purview of Section 2305.10, Revised Code.

In our opinion that statute is limited to cases where the party defendant has breached some duty and thereby caused personal injury or property damage to the person seeking recovery.

In cases where the "fault" of the party defendant *caused* personal injury to a party plaintiff, it would make no difference whether such "fault" or "breach of duty" arose from a duty imposed by "contract" or a duty imposed by law in the field of torts. In either event the action would be one against the defendant *for* causing such

personal injury, and in such event under the rationalization of *Andrianos* the two-year statute of limitations would be applicable.

In this connection reference might be made to the detailed discussion as to what constitutes a "cause of action" contained in the recent opinion of the Ohio Supreme Court in *Henderson* v. *Ryan*, 13 Ohio St. 2d 31 (January 22, 1968, Ohio Bar).

Reference might also be made to the fact that in *Rogers* v. *Toni Co.*, 167 Ohio St. 244 and *Lonzrick* v. *Republic Steel Corp.*, 6 Ohio St. 2d 227, the Supreme Court has pointed out that in considering the question of personal injury resulting from "breach of warranty" from a historical standpoint, such "warranties" involve a duty of care, comparable in many respects to the duty of care involved in the field of torts.

In our opinion therefore *Andrianos* does not require a holding that the two-year statute is applicable to all actions on contract in which the measure of recovery is based on personal injury. While in the instant case the method of computation of damages, up to policy limits, would be the same as that employed in an action for bodily injury, such clearly is an action to enforce the terms of a contractual obligation and thus not barred by the two-year statute of limitations. While not involving an uninsured motorist provision of an insurance contract, the cases of *Ohio Casualty Insurance Co.* v. *Capolino*, 44 Ohio Law Abs. 564 and *American Insurance Group* v. *McCorwin*, 7 Ohio App. 62, support this rationalization. In these cases an insured-subrogee of an employer had settled the action of an injured person against the employer, based on the doctrine of respondeat superior, which injury was caused by the negligent act of an employee while in the scope of his employment, and the insured-subrogee's action against the employee was held not to be barred by the two-year statute of limitations. In these cases the court reasoned that the insurance company became subrogated to the rights of the employer and since the right of the employer against his employee was based upon contract, it was held that the

actions by the insurance company to recover from the employee did not constitute actions "for bodily injury" but instead constituted actions in contract to recover based on an implied contract of faithful performance entered into on the part of the employee with his employer.

This conclusion is also fortified by the holding of the Court of Appeals of Lucas County in *Cartage Company* v. *Fought*, 111 Ohio App. 230. The instant case in our opinion is entirely distinguishable from the holding of the Court of Appeals of this county in *National Car Rentals* v. *Allen*, 1 Ohio App. 2d 321. In this connection it might be noted that at page 324 the Franklin County Court of Appeals distinguishes that case from the *Fought case* on the basis that Section 2305.10, Revised Code, implied a *positive injury* to the property of the plaintiff and not merely a negative cotractual failure.

On the subject of the applicable statute of limitations in uninsured motorist coverage contracts we quote from the article of Gerald Aksen of the New York Bar and counsel of the American Arbitration Association in 24 O. S. L. J. at page 591:

"APPLICABLE STATUTE OF LIMITATIONS—TORT OR CONTRACT

"In writing uninsured motorist coverage, the insurance companies did not place any time limitations within which the insured had to file his claim. Accordingly, the normal statute of limitations applicable in each state would prevail. The question arises, however, which statute applies to an insured's claim against his insurer under the uninsured motorist endorsement.

"In most states the statute of limitations for actions based on written contracts is several years longer than that applied to negligence suits. In Ohio, for instance, the statute of limitations in contract actions is 15 years, and the statute of limitations for negligence actions is 2 years.

"The insurance companies have tried to sustain the position that the tort statute of limitations applies. This argument is based on the dual rationale that:

"(1) The insured's claim for personal injuries is founded in negligence and if the insured allows this statute

to run, he no longer has a valid claim under the uninsured motorist endorsement which allows recovery only for the sums which the insured is legally entitled to recover; and

"(2) the lapse of the shorter negligence statute of limitations by the insured against the uninsured motorist, would preclude the insurance company from any subrogation rights it has under the policy.

"The intent of uninsured motorist endorsements, namely to afford protection to innocent victims of uninsured motorists should help resolve this issue in favor of the longer statute of limitations. In fact, the few pertinent decisions hold that the longer contract statute of limitations applies to uninsured motorist claims against the insurer."

The decisions there referred to as holding that the longer contract statute of limitations applied were *Coccarelli* v. *Travelers Indem. Co.*, 204 N. Y. S. 2d 550; *LaMarsh* v. *Maryland Cas. Co.*, 231 N. Y. S. 2d 121; *Travelers Indem. Co.* v. *DeBose*, 226 N. Y. S. 2d 16. There appear to be no reported Ohio cases on this subject matter.

We are in basic agreement with the opinions expressed by the New York Courts in these cases.

Another holding to the same effect is *Booth* v. *Firemen's Fund Ins. Co.*, 197 So. 2d 352 (Louisiana).

Defendant herein relies to some extent on *Sykes* v. *Firemen's Ins. Co.*, 269 F. Supp. 299, in which the United States District Court of the Southern District of Florida, applying Florida law, held that since the Florida courts in *Kravitz* v. *Morris Auto Rentals, Inc.*, 166 So. 2d 619, had held that their statute on wrongful death in effect was engrafted into an uninsured motorist clause, even though not literally contained therein, that any attempt to enforce same would be barred by the statute of limitations applicable to such wrongful death action.

In our opinion the rationalization in *Sykes* is limited to cases wherein the "cause of action" sought to be enforced has in effect been engrafted into a contract but where same is not truly a part of such contract. In any event to the extent that any rationalization in *Sykes* would

be in conflict with that expressed in the New York cases and the Louisiana case heretofore referred to, we are in agreement with these other cases.

Even though in this case counsel for defendant asserts that the instant action was not commenced within the two-year statute of limitations, a more careful analysis would indicate that what counsel probably is actually asserting is that even though this be an action to enforce a contract, and even though so far as Ohio statutes of limitation be concerned the two-year statute would not apply, that no "cause of action stated" since under the *terms* of the *contract itself* the obligation of Allstate to pay is limited to sums "which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile." Thus, it could be asserted that since the tortfeasor himself could now raise the two-year statute of limitations, the injured party no longer could legally recover damages from such tortfeasor, and this being true, not by virtue of any statute of limitations but by virtue of the terms of the contract itself, no recovery can now be made from the insurance company.

This question is discussed in *LaMarsh, DeBose* and *Booth* and we agree with the conclusion therein reached that such statute of limitations is a personal protection to the party causing the injury and in no way affects the legal obligation of the insurance company to pay, pursuant to its contract, monies which the insured could legally recover from the tortfeasor assuming otherwise the financial and procedural ability to so recover.

If, within the framework of its contractual obligation, Allstate intended to limit any payment under the uninsured motorist clause to its own insured to a period of two years subsequent to the receiving of any such injury, it would be a simple matter to insert such language within the contract of insurance. This not having been done, in our opinion it cannot be asserted by innuendo merely by the fact that by other language of the policy Allstate would be subrogated in the event of payment, and by the fact that, if subrogated, the insurance company could not recover from

the tortfeasor after the two years. See *LaMarsh, DeBose* and *Booth, supra*. In the interpretation of the language of the policy we must apply the rule of liberal construction in favor of the insured and against the party who has drawn it and who is responsible for the language employed therein. 30 Ohio Jurisprudence 2d, page 225 *et seq.* Furthermore, a "cause of action" to enforce an agreement to arbitrate could not arise until such time as arbitration had been refused.

For the reasons herein stated we conclude that Section 2305.10, Revised Code, is not applicable to an action brought to require arbitration as to the amount of money to be paid under a policy of insurance providing for payment to its insured for damages received by such insured from the owner or operator of an uninsured automobile because of bodily injury. For these reasons the demurrer of defendant to the amended petition is overruled.

*Demurrer overruled.*