38 Mich. App. 709 (1972)
197 N.W.2d 155
DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE
v.
HAFENDORFER
Docket No. 11583.
Michigan Court of Appeals.
Decided February 25, 1972.
Hartman, Beier, Howlett, McConnell & Googasian (by Eric J. McCann), for plaintiff.
Richard C. Megerian, for defendant.
Before: LESINSKI, C.J., and McGREGOR and QUINN, JJ.
LESINSKI, C.J.
Defendant insured was struck and severely injured by an unidentified, uninsured, hit-and-run vehicle on November 1, 1963. In accordance with the terms of the uninsured motorist clause in the insurance policy which plaintiff insurer had issued to defendant, defendant demanded arbitration of his claim against plaintiff on October 20, 1969.
*711 Subsequently, plaintiff brought this action for a declaratory judgment, contending that defendant-insured's claim was barred by the three-year statute of limitations. Defendant moved for summary judgment, which motion the trial court denied. The trial court then ruled that the three-year statute of limitations did apply to defendant's action and proscribed it. Defendant appeals as of right.
On appeal, we are confronted with the single issue of whether the three-year or six-year statute of limitations applies to defendant insured's claim against plaintiff insurer. We find this question to be a matter of first impression in this state.
MCLA 600.5805; MSA 27A.5805, provides, in relevant part, that:
"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the time prescribed by this section. * * *
"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."
On the other hand, the terms of MCLA 600.5807; MSA 27A.5807, include the following language:
"No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section. * * *
"(8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract."
*712 Defendant bases his claim against plaintiff on the policy of insurance issued by plaintiff insurer to defendant. It included a clause providing that:
"Subject to the limits of liability stated in this coverage, the company agrees to pay:
"Part (1) All sums which the insured shall be legally entitled to recover as damages, including damages for care or loss of services, from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile.

* * *
"Definitions.
"For the purpose of this coverage: * * *
"(d) uninsured automobile means * * *
"(2) with respect to bodily injury only, a hit and run vehicle."
Insurers in the State of Michigan are required to include such uninsured motorist coverage within motor vehicle liability policies pursuant to the mandate in MCLA 500.3010; MSA 24.13010.
Plaintiff insurer relies heavily on the Michigan Supreme Court decision in State Mutual Cyclone Insurance Co v O & A Electric Cooperative, 381 Mich 318 (1968), to support its proposition that the subject matter of the instant claim is automobile negligence, and is, therefore, governed by the three-year statute of limitations, concerning injuries to persons and property. In the State Mutual Cyclone Insurance Co case, plaintiff-insurer, as subrogee of its insured, brought an action against defendant, after an excessive surge in electrical current provided to insured by defendant caused a fire in insured's barn, which fire destroyed ten head of insured's cattle. Although plaintiff alleged that defendant *713 had breached its contract with insured by supplying the excess current, the Supreme Court held that the three-year statute of limitations was applicable, instead of the six-year term, which controls breach of contract actions.
In so ruling, the Court stated:
"When this Court decided Baatz,[*] we stated that if a plaintiff seeks recovery for damages for injury to person or property the 3-year rule applies irrespective of how plaintiff proceeded to seek such recovery * * *.
"When we compare the statute in effect when the Baatz decision was handed down * * * with the same thought expressed in the rule-written version of the 1961 revised judicature act * * *, it becomes apparent that the legislature expressed approval of this Court's decision in Baatz to the effect that it makes no difference what form of action the plaintiff institutes in seeking recovery for damages to property or person, but in all cases such action comes within the 3-year limitation rule. There is a total absence of any legislative mandate or thought that we distinguish between actions on express contracts to recover damages for injury to person or property and actions based upon implied contract." State Mutual Cyclone Insurance Co, supra, p 324-325.
Since plaintiff's action was based on an injury to property, the three-year statute of limitations was applied and the action was barred, irrespective of the fact that he had sued on a contract theory.
This Court has had the opportunity to interpret the State Mutual Cyclone Insurance Co doctrine on several occasions. In Smith v Gilles, 28 Mich App 166 (1970), plaintiffs sued defendant and defendant's insurer as a result of injuries incurred in an automobile *714 accident. Count II of plaintiffs' complaint alleged that defendant's insurer, by indicating a willingness to settle with plaintiffs but failing to advise them of the three-year statute of limitations, had contracted with plaintiffs to settle at any time. In determining that the three-year statute of limitations barred plaintiffs' claim in Count II, the Court noted that "this wrong lies essentially in tort". Smith, supra, p 170. The Court emphasized that plaintiffs could not accomplish indirectly what they were proscribed from doing directly.
Plaintiffs, in Harrington v Nelson, 32 Mich App 347 (1971), added a count alleging breach of an implied contract to their suit for conversion. Defendant had allegedly come onto plaintiffs' land and converted dirt and gravel to his own use. This Court held that the three-year statute of limitations barred plaintiffs' claim, because plaintiffs' action was based on an injury to property, despite plaintiffs' contract theory. A similar result obtained in Nelson v Michigan Bean Co, 22 Mich App 540, 544 (1970). Plaintiffs claimed that defendants' breach of express warranties of contract resulted in injury to their hograising business. However, the only evidence of a contract introduced at trial was a sales slip. The Court stated that:
"Absent any breach of a specific contractual provision, this case is governed by the statutory provisions applicable to injuries to persons or property." (Emphasis supplied.)
In applying these holdings to the facts of the present case, we deem it necessary to examine the underlying nature of the claim asserted by the insured against the insurer. Although there is no Michigan law on this point, courts from other jurisdictions have discussed the nature of the claim in this specific factual context.
*715 In Schleif v Hardware Dealer's Mutual Fire Insurance Co, 218 Tenn 489, 494; 404 SW2d 490, 492 (1966), plaintiff insured suffered injuries in an accident with an uninsured hit-and-run motorist, and subsequently brought an action against his insurer on the basis of his uninsured motorist clause. In declaring that the contract statute of limitations applied, the Court noted:
"The instant case is not based on a suretyship between insured and tortfeasor, it is based on a direct contractual relationship between insured and insurer. Nor is it a warranty arrangement, * * * where the obligor's breach of duty to the obligee was the tort itself."
In a similar case, the Wisconsin Supreme Court, examining the foundation of the legal obligation between insurer and insured arising from an uninsured motorist clause, said:
"The purpose and intent of this type of coverage was to benefit the insured so that he would be reimbursed for his injuries. The purpose was not to provide free liability insurance for an otherwise uninsured motorist; and the endorsement does not do so because a right of subrogation does exist, if the insurer wishes to preserve it. In settling a claim under the endorsement, the insurer does not represent the uninsured motorist but rather itself on its own contract against its own insured who has paid a premium for this indemnity feature in his liability policy." Sahloff v Western Casualty & Surety Co, 45 Wis 2d 60, 69-70; 171 NW2d 914, 918 (1969).
The Court, in Sahloff, held that a suit brought under uninsured motorist coverage came within the confines of Wisconsin's six-year contract statute of limitations, rather than the three-year tort statute of limitations.
*716 In the instant case, as indicated by the foregoing language from the Sahloff and Schleif opinions, plaintiff insurer owed no obligation to defendant insured, outside the terms of the insurance contract. Whatever claim that defendant insured may validly possess against plaintiff insurer arises solely out of a breach of a specific provision of a contract issued by plaintiff to defendant. It was not the tortious action of plaintiff insurer that gave rise to the claim based on the uninsured motorist clause of the insurance policy in this case. While it is true that a claim by defendant against the uninsured motorist in this case would be barred by the three-year statute of limitations, plaintiff insurer is not representing the uninsured motorist in this case, as pointed out in Sahloff, but rather itself, on its own contract. Moreover, defendant insured has not fabricated a contract claim, here, in order to accomplish indirectly what he could not do directly. Just as we must look to the real nature of the claim to determine whether a contractual action is, at base, an action for injury to person or property, we must also look to the real nature of this claim to determine whether a claim possessing personal injury aspects is, at root, an action for breach of contract.
Contrary to the position taken by plaintiff insurer in this case, we believe the State Mutual Cyclone Insurance Co test was intended to apply to those cases where plaintiff is seeking to recover from defendant, or defendant's insurer, where defendant had occasioned direct injury to plaintiff in his person or property, not where a party is seeking legal redress from his own insurer, which insurer has contractually agreed to indemnify him for injury perpetrated upon him, not by the insurer, but by third parties.
*717 A similar distinction was made by the court in Schulz v Allstate Insurance Co, 17 Ohio Misc 83, 84; 244 NE2d 546, 547 (1968), in interpreting an Ohio statute which read:
"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose." Section 2305.10, Revised Code.
An earlier Ohio decision had applied this two-year statute of limitations to a suit predicated on breach of an implied contract of safe carriage. The Schulz court distinguished the earlier decision from the factual situation with which it was concerned, a suit by an insured against his insurer on an uninsured motorist clause, emphasizing that in the earlier case:
"As obviously distinguished from the instant case, the actions of the defendant caused injury to the plaintiff. Here, by virtue of Allstate's contract, it had obligated itself to pay an amount equivalent to that which could be recovered in a negligence action, but we think it clear that the `cause of action' is not one for `bodily injury' within the purview of Section 2305.10, Revised Code." Schulz, supra, 17 Ohio Misc p 85; 244 NE2d p 548.
Accordingly, the court held that the longer contract statute of limitations was applicable to the action.
Even if the State Mutual Cyclone Insurance Co case does not dictate employment of the three-year statute of limitations, however, plaintiff insurer argues that it should be applied nevertheless, because of the language in the insurance contract. The contract states that insurer will pay:
"Part (1) All sums which the insured shall be legally entitled to recover as damages * * * from the owner or operator of an uninsured automobile." (Emphasis supplied.) *718 Since defendant insured's action against the uninsured motorist would be barred by the three-year statute of limitations, plaintiff insurer contends that defendant is not "legally entitled to recover" within the terms of the contract. As authority for the proposition, insurer cites the opinion of the First Circuit Court of Appeal of Louisiana in Thomas v Employers Mutual Fire Insurance Co, 208 So 2d 374 (La App, 1968). However, that decision was overruled by the Supreme Court of Louisiana in Thomas v Employers Mutual Fire Insurance Co, 253 La 531; 218 So 2d 584 (1968).
That Court explained its rationale for reversing Thomas, supra, in Booth v Fireman's Fund Insurance Co, 253 La 521, 529; 218 So 2d 580, 583 (1968). Construing the "legally entitled to recover" clause, the Court stated:
"We interpret the words `legally entitled to recover' to mean simply that the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages." Booth, supra, 218 So 2d p 583.
The great weight of authority is in accord with the Booth interpretation. See Hill v Seaboard Fire & Marine Insurance Co, 374 SW2d 606 (Mo, 1963); DeLuca v Motor Vehicle Accident Indemnification Corp, 17 NY2d 76; 268 NYS 2d 289; 215 NE2d 482 (1966); and Sahloff, supra. We agree with the decisions of these courts that the "legally entitled to recover" clause denotes only the establishment of fault on the part of the uninsured motorist and proof of the damages caused thereby. The "legally entitled" phrase does not subject insured's claim to the three-year statute of limitations.
We hold that the six-year statute of limitations applies to defendant insured's claim against plaintiff *719 insurer on the uninsured motorist clause of his insurance contract.
Reversed and remanded for disposition not inconsistent with this opinion. Costs to defendant.
All concurred.
NOTES
[*] Baatz v Smith, 361 Mich 68 (1960).