Barbara EDWARDS, Appellant,

v.

STATE FARM INSURANCE
COMPANY, Respondent.

No. KCD 29724.

Missouri Court of Appeals,
Kansas City District.

Nov. 27, 1978.

H. George Lafferty, Jr., Kansas City, for appellant; Lafferty, Horowitz & Shurin, Kansas City, of counsel.

Sheridan, Sanders & Simpson, P. C., G. Michael Fatall, Paul L. Redfearn, III, Kansas City, for respondent.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge, Presiding.

Appeal from summary judgment of dismissal of plaintiff's petition on contract of uninsured motorist insurance, filed five years and twenty-six days after the cause of action arose. The question is whether the tort action limitation of five years applies to bar this suit by an insured against her insurer for injuries received in a collision with an uninsured motorist. Reversed.

On December 16, 1971, Barbara Edwards was injured and damaged when her automobile was struck from the rear by an automobile driven by one Robert Rich Gardner at Interstate Highway 70 and 13th Street entry ramp in Kansas City, Missouri.

On January 11, 1977, she filed suit against State Farm Insurance Company under her policy of uninsured motorist coverage. She alleged: The collision of December 16, 1971, was caused by the negligence of Robert Rich Gardner, and she was injured as a result of his negligence. Robert Rich Gardner was an uninsured motorist who removed to Illinois and hid himself so that normal service of process could not be had upon him despite due diligence to locate him. She possessed a valid automobile insurance policy issued by State Farm which afforded her uninsured motorist coverage, and she was in compliance with all conditions precedent of the policy. Her insur-

ance company, without reasonable cause, refused her demand under the contract for compensation for her injuries, and she was thus entitled to recover actual damages, damages for wrongful refusal of compensation, and attorneys' fees.

On February 18, 1977, State Farm Insurance Company filed answer. It denied the allegations of plaintiff's petition and raised a defense of contributory negligence. It also moved for summary judgment on ground plaintiff's action was barred by the statute of limitations.

The court sustained defendant's motion for summary judgment, found plaintiff's action barred by the five-year statute of limitations, and entered judgment for defendant and against plaintiff.

Under the uninsured motor vehicle coverage of plaintiff's policy of automobile insurance, defendant, in standard form, agreed:

> "To pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by the accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle provided, for the purposes of this coverage, determination as to whether the insured * * * is legally entitled to recover such damages, and if so, the amount thereof shall be made by agreement between the insured * * * and the company or, if they fail to agree, and the insured so demands, by arbitration."

■ Section 516.120 RSMo requires that an action for injury to the person, not arising on contract, shall be commenced within five years. Section 516.110 provides that an action on a written contract for payment of money shall be commenced within ten years.

An action on the uninsured motorist provision of an automobile insurance policy is an action in contract, *Hill v. Seaboard Fire & Marine Ins. Co.*, 374 S.W.2d 606 (Mo.App. 1963); *Reese v. Preferred Risk Mutual Ins. Co.*, 457 S.W.2d 205 (Mo.App.1970); and is governed by the ten-year statute of limitations, Section 516.110, RSMo 1969; *Crenshaw v. Great Central Ins. Co.*, 527 S.W.2d 1, 4 (Mo.App.1975).

Appellant thus contends that her action against her insurance company was timely filed January 11, 1977, because it arose December 16, 1971, and she had ten years from that date in which to file.

Respondent, to escape effect of the foregoing, relies principally on *Crenshaw v. Great Central Ins. Co.*, supra, and argues that plaintiff did not file suit against the uninsured motorist within five years from the date of the collision with him; that her tort claim against him was thus barred; that she was thus unable to establish she was "legally entitled" to recover damages against the uninsured motorist at the time she filed suit against her insurer and was, therefore, precluded from recovery from her insurance company.

■ Missouri has recognized that it is not necessary for an insured to obtain a judgment against or to sue the uninsured motorist prior to enforcement of rights against his own insurance company, *Hill v. Seaboard Fire & Marine Ins. Co.*, supra; *Reese v. Preferred Risk Mutual Ins. Co.*, supra. The insured must, however, show that the uninsured motorist would have been liable to the insured. *Byrn v. American Universal Ins. Co.*, 548 S.W.2d 186, 188[2] (Mo.App. 1977).

■ While there have been cases [1] in Missouri dealing, in their circumstances, with

---

1. See: *Crenshaw v. Great Central Ins. Co.*, supra, where action against the insurer to recover under uninsured motorist provision for wrongful death of insured, commenced three years and four months after death of insured in motor vehicle collision, was barred by two-year statute of limitations applicable to wrongful death actions, for the reason that "compliance

with the requirement that an action for wrongful death be commenced within two years is a necessary condition attached to the right to sue—not merely a statute of limitations in the ordinary sense." 527 S.W.2d l.c. 4.

*Byrn v. American Universal Ins. Co.*, supra, where inability to show compliance with Iowa guest statute was a substantive impediment to

whether the insured is "legally entitled to recover," the precise question in this case is one of first impression in Missouri. Accordingly, it is appropriate to consider cases from other jurisdictions which hold, as found in *Crenshaw v. Great Central Ins. Co.*, supra, l.c. 5, "that in a suit [for personal injuries] against the insurer under a policy of automobile insurance containing an uninsured motorist provision the statute of limitations applicable to contract actions applies, and that the general statute of limitations relating to tort actions is inapplicable."[2]

In *Detroit Automobile Inter-Insurance Exch. v. Hafendorfer*, 38 Mich.App. 709, 197 N.W.2d 155 (1972), the insurer brought a declaratory judgment action, contending that defendant-insured's claim under uninsured motorist coverage was barred by the three-year tort statute of limitations. The trial court agreed and barred insured's action. The court of appeals, faced with the same question of first impression, considered cases[3] from other jurisdictions and determined that insured's action was timely filed within the six-year contract statute of limitations. The court's rationale was that "whatever claim that defendant insured may validly possess against plaintiff insurer arises solely out of a breach of a specific provision of a contract îssued by plaintiff [insurer] to defendant [insured]. It was not the tortious action of plaintiff insurer that

gave rise to the claim based on the uninsured motorist clause of the insurance policy in this case. While it is true that a claim by defendant [insured] against the uninsured motorist in this case would be barred by the three-year statute of limitations, plaintiff insurer is not representing the uninsured motorist in this case, as pointed out in *Sahloff*, but rather itself, *on its own contract*. Moreover, defendant insured has not fabricated a contract claim, here, in order to accomplish indirectly what he could not do directly. Just as we must look to the real nature of the claim to determine whether a contractual action is, at base, an action for injury to person or property, we must also look to the real nature of this claim to determine whether a claim possessing personal injury aspects is, at root, an action for breach of contract." 197 N.W.2d l.c. 159.

*Schulz v. Allstate Insurance Co.*, 17 Ohio Misc. 83, 244 N.E.2d 546 (1968), an action for damages arising from an automobile collision by an insured against his insurer on uninsured motorist coverage, was dismissed by the trial court on the bar of two-year statute of limitations for actions for bodily injury. The appellate court, in agreement with New York courts and *Booth v. Fireman's Fund Ins. Co.*, 253 La. 521, 218 So.2d 580 (1968), in reversal, rejected an argument "that since the tortfeasor himself could now raise the two-year stat-

recovery by Missouri resident under uninsured motorist provision when uninsured motorist was a resident of Iowa and the casualty occurred in Iowa.

*Noland v. Farmers Ins. Exchange*, 413 S.W.2d 530 (Mo.App.1967), where plaintiff's husband was the uninsured motorist, and the rule that neither spouse may maintain a civil suit against the other, during coverture, based on a tort occurring during coverture, was a substantive impediment to recovery from the insurance company under uninsured motorist provision.

*State ex rel. Miller's Mut. Ins. Assoc. v. Sanders*, 538 S.W.2d 708 (Mo.banc 1976), where cause of action for recovery under uninsured motorist coverage accrued where the collision with uninsured motorist occurred, and improper venue was a substantive impediment to the suit.

2. *Transnational Ins. Co. v. Simmons*, 19 Ariz. App. 354, 507 P.2d 693 (1973); *Detroit Automobile Inter-Ins. Exch. v. Hafendorfer*, 38 Mich. App. 709, 197 N.W.2d 155 (1972); *Pickering v. American Employers Ins. Co.*, 109 R.I. 143, 282 A.2d 584 (1971); *Turlay v. Farmers Ins. Exch.*, 259 Or. 612, 488 P.2d 406 (1971); *Booth v. Fireman's Fund Ins. Co.*, 253 La. 521, 218 So.2d 580 (1968); *Sahloff v. Western Casualty & Surety Co.*, 45 Wis.2d 60, 171 N.W.2d 914 (1969); *DeLuca v. Motor Vehicle Acc. Indemnification Corp.*, 17 N.Y.2d 76, 268 N.Y.S.2d 289, 215 N.E.2d 482 (1966); *Schleif v. Hardware Dealer's Mut. Fire Ins. Co.*, 218 Tenn. 489, 404 S.W.2d 490 (1966).

3. *Schleif v. Hardware Dealer's Mut. Fire Ins. Co.*, supra; *Sahloff v. Western Casualty & Surety Co.*, supra; *Booth v. Fireman's Fund Ins. Co.*, supra; *Schulz v. Allstate Ins. Co.*, 17 Ohio Misc. 83, 244 N.E.2d 546 (1968).

ute of limitations, the injured party no longer could legally recover damages from such tortfeasor, and this being true, not by virtue of any statute of limitations but by virtue of the terms of the contract itself, no recovery can now be made from the insurance company," and held "such statute of limitations is a personal protection to the party causing the injury and in no way affects the legal obligation of the insurance company to pay, pursuant to its contract, monies which the insured could legally recover from the tortfeasor assuming otherwise the financial and procedural ability to so recover." 244 N.E.2d l.c. 550.

In *Booth v. Fireman's Fund Ins. Co.*, supra, an action for damages resulting from collision with an uninsured motorist by insureds against their insurer under uninsured motorist coverage was held to be ex contractu subject only to a plea of proscription of ten years, and not ex delicto for purposes of application of one-year proscription. The insurer argued that "legally entitled to recover [from owners or operators of uninsured vehicles]" required an insured to establish every element of a cause of action in tort including timely filing within the tort statute of limitations. The court, citing *DeLuca v. Motor Vehicle Accident & Indemn. Corp.*, 17 N.Y.2d 76, 268 N.Y.S.2d 289, 215 N.E.2d 482 (1966), and *Hill v. Seaboard Fire & Marine Ins. Co.*, supra, rejected such argument and interpreted "legally entitled to recover" to mean "that the plaintiff [insured] must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages." 218 So.2d l.c. 583. See also *Reese v. Preferred Risk Mutual Ins. Co.*, supra, 457 S.W.2d l.c. 208.

Respondent argues also that if an insured be allowed ten years in which to file directly against his insured, then whenever a claim is filed after five years, the insurer would be denied subrogation against the uninsured motorist, and would suffer the hardship of trial five years or more after the facts arose. This argument has been answered, *Sahloff v. Western Casualty & Surety Co.*, 45 Wis.2d 60, 171 N.W.2d 914 (1969), l.c. 918–919: "This is another phase of the [already rejected] argument that the insurer stands in the shoes of the uninsured motorist and therefore should have all his rights. The insurer has not so contracted in the uninsured motorist endorsement. * * the action by an insured against his insurer under the uninsured motorist endorsement is an action on the policy and sounds in contract although in order to recover the insured must prove the negligence of an uninsured motorist. * * *

"It is true an insurer * * * is put to some disadvantage when it can no longer pursue subrogation against an uninsured motorist. However, such hardship does not go to the nature of the cause of action and consequently does not determine what statute of limitations should apply. The application of any statute of limitations generally creates a hardship but it is a hardship because someone delayed doing what he might have done. * * * this argument overrates the importance of subrogation because an insured motorist tends to be financially irresponsible and a subrogation right against such a person is not worth very much."

The quoted cases, together with the others cited at footnote 2, are persuasive in answer to the question in this case, and are consistent with the purpose of Missouri's uninsured motorist statute, Section 379.203 RSMo Supp.1975, which is to provide the person injured by an uninsured motorist with protection he would have had if the negligent motorist had been insured under a standard liability policy. *Brake v. MFA Mutual Ins. Co.*, 525 S.W.2d 109, 112 (Mo. App.1975); *Webb v. State Farm Mutual Automobile Ins. Co.*, 479 S.W.2d 148, 151 (Mo.App.1972).

Judgment reversed; cause remanded.

All concur.