Cyrus SEE, Respondent,

v.

**ST. PAUL INSURANCE COMPANY,**
Appellant.

No. KCD 29771.

Missouri Court of Appeals,
Western District.

Jan. 29, 1979.

Charles C. Shafer, Jr., Kansas City, for appellant.

Michael R. Roser, Berman, DeLeve, Kuchan & Chapman, Kansas City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

Dean F. Arnold, B. W. Jacob, Kansas City, for appellant.

Henry H. Fox, Jr., John R. Coffin, Kansas City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

PER CURIAM.

We have before us defendant insurance company's appeal from a judgment for plaintiff in the sum of $400.39 representing the value of a citizens band radio and microphone stolen from plaintiff's pickup truck. Plaintiff contends and defendant denies that the loss was covered by an insurance policy issued by defendant. It is admitted that the policy was in force, and that the loss was sustained.

The case was tried to the court without a jury upon a written stipulation of facts.

By the terms of the policy the loss was covered "only if the equipment at the time of the loss . . . [was] permanently installed in or upon" plaintiff's vehicle.

The loss occurred while plaintiff was eating breakfast in a restaurant, having left his locked pickup truck on the street nearby. Before leaving the truck, he had removed the radio and microphone from their mounting bracket on the dashboard and had placed them on the floor behind the driver's seat. (A supplemental stipulation, filed directly in this court, adds that this procedure involved the disconnection of electrical and aerial wires, and that the equipment was hidden from view behind the seat.[1]) On plaintiff's return he found the truck had been broken into and the equipment missing.

It will be seen from the foregoing that the equipment *at the time of the loss* was not *permanently installed* in or upon plaintiff's vehicle.

It follows that the loss was not covered by the insurance policy, and judgment should have gone for defendant upon plaintiff's claim.

Plaintiff is not aided by the oft-iterated principle that ambiguities in insurance policies are resolved in favor of the insured.

The contract language as applied to the circumstances of plaintiff's loss is plain and unambiguous. *Moskowitz v. Equitable Life Assur. Soc. of U. S.,* 544 S.W.2d 13, 16 (Mo. banc 1976); *Hamiltonian Fed. S. & L. v. Reliance Ins. Co.,* 527 S.W.2d 440, 442 (Mo. App.1975).

Nor is there any place for deference to the trial court's findings of fact, which in the absence of specific findings are deemed to have been found in accordance with the result reached, Rule 73.01(b). The rule of deference arises from the trial court's superior opportunity to gauge the credibility and value of oral testimony. This case was submitted upon a stipulation of facts, which we are able to consider as well as the trial court. *Mid-Continent National Bank v. Bank of Independence,* 523 S.W.2d 569, 573 (Mo.App.1975). The application of plain contract language to a given factual situation calls for the resolution of a question of law rather than one of fact. *Renois v. Di Franco,* 512 S.W.2d 411, 413 (Mo.App.1974).

The judgment is reversed and the cause is remanded with instructions to enter judgment in favor of the defendant and against plaintiff.

---

1. The Rule relating to the supplementing of transcripts (Rule 81.12(c)) does not contemplate the presentation, even by stipulation, of additional evidence, which the trial court had no opportunity to consider. We do not believe the facts so presented affect the result in this case and we have considered the stipulation only *ex gratia*. The stipulation was entered into and filed at plaintiff's request, who at the time was not represented by counsel.