**In the ESTATE OF Marti Michelle CHEVALIER, an incapacitated person, Respondent,**

**Robert Chevalier and Shirley Chevalier, Appellants.**

**No. 22557.**

Missouri Court of Appeals, Southern District, Division Two.

July 30, 1999.

James R. Cox, Springfield, for Appellant.

Theodore L. Johnson and David A. Fielder, Springfield, for Amicus Curiae.

**PHILLIP R. GARRISON, Chief Judge.**

The issue in this case is whether Robert Chevalier and Shirley Chevalier ("Appellants") should be assessed the costs resulting from their application to be appointed guardian of the person of their daughter, Marti Michelle Chevalier ("Marti"), who was found to be totally incapacitated by the probate division of the Greene County Circuit Court. The court appointed Shirley Chevalier as Marti's guardian, rather than both she and Robert as they had requested, and assessed the costs of the proceeding against both of them.

Appellants' petition for appointment of guardian of the person of Marti alleged that she was incapacitated and disabled because of mental retardation and developmental delay. One week after Appellants filed their petition, the Missouri Department of Social Services filed a petition requesting that the Greene County Public Administrator be appointed as Marti's guardian. Both petitions requested a hearing and the appointment of a guardian of Marti's person if the court found that she was incapacitated and/or disabled.

The court held a joint hearing on the petitions. In its judgment, the court appointed only Shirley Chevalier as Marti's guardian, after finding that Marti "is a totally incapacitated person by reason of [her] mental and physical condition" and that "by reason of [her] total incapacity, it is necessary to appoint a Guardian of the person...." It also ordered that the guardian ad litem be "allowed a judgment for attorney's fee in the sum of $3,100.00 to be paid by the Petitioner." [1]

Appellants filed a motion to amend the judgment alleging that the costs had been taxed against them; that by reason of Section 475.085,[2] the costs are to be paid

1. Appellants and Greene County, which filed an amicus curiae brief in this appeal, apparently assume that "Petitioner" refers to both Robert Chevalier and Shirley Chevalier because they jointly applied for appointment. We will make the same assumption.

2. All statutory references are to RSMo 1994 and all rule references are to Missouri Rules

by the estate, or if it is insufficient, by the county; that costs are to only be assessed against the petitioner if the person who is the subject of the proceeding is found not to be incapacitated; and that because Marti was found to be incapacitated and her estate is insufficient to pay the costs, they should be assessed against Greene County (the "County"). They prayed that the judgment be amended to tax the costs against the County. This appeal followed the trial court's denial of that motion.

■ Appellants contend on this appeal that the trial court erroneously interpreted and applied Section 475.085 by assessing the costs against them. We are mindful that a judgment in a court-tried case must be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); Rule 73.01(c).

Section 475.085 provides, in pertinent part:

1. The costs of proceedings as to incapacity or disability of any person shall be paid from his estate if he is found incapacitated or disabled or, if his estate is insufficient, costs shall be paid by the county; but if the person is found not to be incapacitated or disabled the costs shall be paid by the person filing the petition, unless he is a public employee acting in his official capacity, in which case the costs shall be paid by the county.

In the instant case, Appellants argue that the court found that Marti was not only disabled and incapacitated, but also that "she had no assets from which court costs could be paid."[3] Consequently, they con-

tend that Section 475.085.1 requires that the costs be assessed against the County.

In its amicus curiae brief, the County argues that Section 475.085 authorizes the assessment of costs against a county only in cases where the proceeding is "as to incapacity or disability." It contends that there was no dispute about Marti's incapacity or disability; instead the only real issue was the identity of the person or persons who should be appointed as her guardian. Consequently, the County argues that this was not, therefore, a proceeding "as to incapacity or disability," and Section 475.085 does not apply to require that the costs be assessed against it. Although it qualifies as a creative approach, this contention is not well taken.

■ In interpreting a statute, a court is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. *State ex rel. Riordan v. Dierker*, 956 S.W.2d 258, 260 (Mo. banc 1997). Where, however, the language of a statute is clear, courts must give effect to the language as written. *Kearney Special Road Dist. v. County of Clay*, 863 S.W.2d 841, 842 (Mo. banc 1993). Courts are without authority to read into a statute a legislative intent contrary to the intent made evident by the plain language. *Id.* There is no room for construction even when a court may prefer a policy different from that enunciated by the legislature. *Id.*

■ Section 475.085.1 applies to proceedings "as to incapacity or disability," a phrase which we believe has plain meaning, especially considering the nature of guardianship proceedings. There is a presumption of sanity prior to the ultimate

---

of Civil Procedure (1998), unless otherwise indicated.

**3.** There is no reference to the record on appeal to support the quoted part of this statement. The attorney for the County, who was permitted to address the issue in the trial

court and who filed an amicus curiae brief here, agreed that there was no dispute about the lack of funds in Marti's estate to satisfy the costs. We will likewise accept the premise that Marti's estate is without funds sufficient to satisfy the costs.

adjudication of incompetency. *In re Link,* 713 S.W.2d 487, 497 n. 10 (Mo. banc 1986). The petitioner has the burden of proving incapacity or disability by clear and convincing evidence and there must be a finding of incapacity, based upon that level of proof, before the court is authorized to appoint a guardian. Sections 475.075.7 and 475.079.1. In fact, the court is required by Section 475.075 to appoint an attorney to represent the alleged incompetent immediately upon the filing of a petition for appointment of a guardian. *See In re Link,* 713 S.W.2d at 496.

■ Merely because different parties competing for the appointment of a guardian for a third person may agree that the person is incapacitated or disabled does not remove that issue or convert the proceedings to one concerning only the identity of the person to be appointed as guardian. To hold otherwise would effectively permit persons seeking the appointment of a guardian to waive or bypass the issue of whether the subject of the proceeding is in fact incapacitated or disabled. This, however, is the very issue, which must be found in the affirmative in order to authorize the appointment of a guardian.

Here, both petitions for the appointment of a guardian sought a determination of whether Marti was incapacitated and/or disabled; evidence was apparently presented on that issue;[4] and the trial court made a specific finding, as required by Sections 475.075.7 and 475.079.1, that she was totally incapacitated, thereby requiring the appointment of a guardian. We conclude that this was clearly a proceeding "as to incapacity or disability," under Section 475.085, in which the assessment of costs against the County is authorized since Marti's estate is insufficient to satisfy them. This conclusion is further supported by the fact that the only authorization under Section 475.085 for the assessment of costs against the person filing the

petition is a finding that the person who is the subject of the proceeding is not incapacitated or disabled. Because that did not occur here, and because Marti's estate is insufficient to satisfy the costs, we hold that the trial court was required to assess the costs against the County.

That portion of the judgment assessing costs against Appellants is reversed and the case is remanded to the trial court with directions to enter an amended judgment assessing the costs of the action against Greene County.

MONTGOMERY, J. and BARNEY, J., concur.

4. Although we do not have before us the transcript of the hearing held on the two petitions filed, the parties agreed at oral argument on this appeal that evidence was presented on the disability or incapacity of Marti.