**Neil CRAVEN, Missouri Clean Water Commission: Richard Davis, Hearing Officer, and Missouri Department of Natural Resources, Appellants,**

v.

**STATE of Missouri, ex rel. PREMIUM STANDARD FARMS, INC., and Continental Grain Company, Respondents.**

**Nos. WD 57339, WD 57344.**

Missouri Court of Appeals,
Western District.

May 30, 2000.

**162**

Jeremiah W. (Jay) Nixon, Atty. Gen., Deborah J. Neff, Asst. Atty. Gen., Jefferson City, for appellant.

Stephen G. Jeffery, St. Louis, for respondents.

Before: Presiding Judge SPINDEN, Judge LOWENSTEIN and Judge ULRICH.

HAROLD L. LOWENSTEIN, Judge.

This appeal involves the statutory construction of Missouri's Clean Water Law (Sections 644.006—644.141, RSMo 1994). At the center of this controversy are operating permits issued by the state to two large hog farms allowing them to discharge concentrated amounts of wastewater. The issuance of these permits was challenged by a private citizen living in the area of the farms. The overriding issues to be examined under Missouri statutes are (1) what state entity has the statutory authority to issue wastewater discharge permits, and (2) who has the right to an administrative "appeal" on the issuance of a permit.

## FACTS

This appeal involves certain National Pollution Discharge Elimination System ("NPDES") operating system permits issued to two Missouri farms. Under 33 U.S.C. § 1251, *et. seq.*, persons discharging animal waste must obtain such a permit. This law may be enforced by states through their state clean water laws. Missouri requires these permits via § 644.011, RSMo, 1994.[1] The wastewater permits in the present case were issued to the Respondents, Premium Standard Farms, Inc. and Continental Grain Company, for large scale confined swine feeding facilities and operations located in northern Missouri. The Missouri Department of Natural Resources held hearings on the applications. Appellant Neal Craven, and others not involved in this appeal, appeared and voiced disfavor with the applications. Craven, a neighbor to one of the sites, on finding out the permits had been granted, submitted an "appeal" to the Clean Water Commission (the "Commission") contesting the issuance of the permits.

While before the Commission's hearing officer, Richard Davis, Craven became dissatisfied with discovery rulings and the setting of a hearing date. Counsel for Appellant Craven then filed a Request for a Writ of Prohibition against Appellant Clean Water Commission in the Circuit Court of Cole County. Respondents Premium Standard Farms and Continental Grain Company (hereinafter "Respondents") filed a "Cross Writ of Prohibition" against the Commission. Respondents asserted the Commission and its hearing officer did not have subject matter jurisdiction to entertain appeals relating to the issuance of a permit filed by an entity other than the applicant for the permit. Respondents cited § 644.026.1(13), under which the Clean Water Commission is given authority to "issue...permits for the discharge of water contaminants." Under

---

1. All further statutory references are to the Revised Statues of Missouri, 1994, unless otherwise indicated.

§ 644.051, the task of permit issuance is assigned to the Executive Secretary of the Commission. By § 644.051.6, after the Executive Secretary issues or denies a permit, the *applicant* is given a right of appeal within the Commission. No other party is given an appeal right, and therefore, Respondents contended, there was only statutory authority for Respondents themselves to appeal. Respondents requested the circuit court prohibit the Commission from exercising jurisdiction over Craven's appeal as Craven was not the permit applicant and therefore had no appeal right.

The Missouri Department of Natural Resources (sometimes referred to as "Department" or "DNR") and the Commission and its Hearing Officer, Richard Davis (together with Craven, the "Appellants"), filed in opposition to the cross writ of prohibition. All appellants argued that by the Omnibus Reorganization Act of 1974, the Director of the DNR was transferred the duties and authority of the Executive Secretary of the Clean Water Commission and the position of Executive Secretary was abolished. Therefore, they contended, the Director of the Department of Natural Resources, and not the Executive Secretary of the Commission, had the authority to and actually did issue the permits at issue in this case. Also, Appellants asserted that § 644.051's references to the "Executive Secretary" issuing permits really referred to the Director of the DNR. Appellants then asserted Craven's right to appeal the issuance of the permits, granted by the Director of the Department to Respondents, under § 640.010.1. That statute provides that decisions of the Director "shall be subject to appeal to the ... commission on request of the ... commission or by *affected parties.*" Therefore, third party appeals to the Commission from decisions of the Director were authorized by statute, and the Commission had jurisdiction to entertain Craven's appeal.

The circuit court issued, without findings of fact or conclusions of law, a judgment granting Respondents' cross writ of prohibition and directing Craven's appeal before the Commission be dismissed. The trial court's judgment under review resulted in the Commission, the hearing officer, and the DNR, all who had been at odds with Craven's administrative action, to join forces with Craven as appellants here.

## STANDARD OF REVIEW

■ The court first notes that the issues presented are purely questions of law. In cases involving questions of law, this court reviews the trial court's determination independently, without deference to that court's conclusions. *See Miller v. Kansas City Station Corp.,* 996 S.W.2d 120, 122 (Mo.App.1999), *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993).

## ANALYSIS

### A.

■ The first issue crucial to the disposition of this appeal is what entity, under Missouri's Clean Water Law, has the authority to issue NPDES permits. This is the first step in untangling Missouri's somewhat vague statutory scheme on wastewater permits, and so determination of this issue is pivotal in resolving the ultimate issue of whether a person or entity other than an applicant for a permit may administratively appeal the grant of a permit. As will be set out infra, and as supports the trial court's judgment, *the Clean Water Law contained in Chapter 644 gives the Commission the authority to issue permits and does not allow anyone other than an applicant for a permit to appeal the grant of a permit.* The arguments of the parties turn on what entity each side believes to have issued the hog farms' operating permits. Respondents claim the permits were issued by and under the authority of the Clean Water Commission. Appellants contend the permits were issued by and under the authority of

the Director of Missouri's Department of Natural Resources.

In arguing the permits were issued by the Clean Water Commission, Respondents principally rely upon §§ 644.026 and 644.051. § 644.026.1(13) gives the Clean Water Commission the authority to, "[i]ssue...permits for the discharge of water contaminants." § 644.051 assigns the task for the issuance of such permits to the Executive Secretary of the Clean Water Commission.

Appellants recognize the plain language of the above cited statutes, however, they still contend the permits were not issued by the Clean Water Commission but instead by the Director of the DNR. Appellants claim that by the Omnibus State Reorganization Act of 1974 the "position of executive secretary to appellant Commission was abolished," and that, "[s]ection 640.010 RSMo reassigns the duties of appellant Commission's executive secretary to the Director of the Department of Natural Resources."

■ The court first notes that statutes are interpreted by their plain and ordinary meaning, and that when a statute's language is clear, a court must give effect to that language. *In re Estate of Chevalier*, 996 S.W.2d 156, 158 (Mo.App.1999). It is clear from the language of § 644.026.1(13) that the authority to issue permits such as the ones in issue is vested in the Clean Water Commission. However, due to the complex nature of this case, the court will entertain Appellants' argument to the contrary.

The Omnibus State Reorganization Act of 1974 (hereinafter "OSRA"), which is set out in Appendix B of Volume 7 of Missouri's Revised Statutes, 1994, resulted in a restructuring of this state's administrative departments. Parts of the OSRA have been incorporated into § 640.010, the statute which creates Missouri's Department of Natural Resources. § 640.010.3 reads, in pertinent part, "the clean water commission, chapter 204, RSMo, and oth-

ers, are transferred by *type II* transfer to the department of natural resources." (Emphasis added). Appellants assert that when the Commission was transferred to the MDNR by type II transfer, the position of Executive Secretary of the Commission was abolished and the Secretary's duties and authority were transferred to the Director of the DNR.

In a nutshell, the argument of Craven and the other Appellants appears to be as follows. Federal law requires states to adhere to federal mandates regarding application for and grant of permits, such as the ones here at issue, and to give administrative appeal rights for applicants and for affected parties such as Craven. When Missouri, in 1974, reorganized state government, the legislature transferred the Clean Water Commission to the Department of Natural Resources, and it was the intent of the legislature to provide administrative appeal rights in compliance with federal law. Appellants assert that the state's Clean Water Law, which in various sections, most notably § 644.051, refers to the application for permits being made to the Commission's Executive Secretary with appeal *by an applicant* to the entire Commission, has been superseded by the 1974 transfer of the Clean Water Commission to the Department. They say the Reorganization Act, and resulting practice, have made the Department responsible for taking applications, holding hearings, and issuing permits and that the decision of the Department Director as to a permit may be appealed to the Commission by any affected party, not just an applicant. Appellants further point to the fact that indeed the Executive Secretary referred to in chapter 644 is no longer a position that is filled. They conclude that the language in Chapter 644 that refers to permit applications being made to the Clean Water Commission and ruled on by the Executive Secretary must be disregarded to conform to the intent of the reorganization.

The court can find no statutory authority for Appellants' argument. Section

1.7(b) of the OSRA defines a "type II transfer" as:

the transfer of a...commission...to the new department in its entirety with all the powers, duties, functions, records, personnel, property, matters pending, and all other pertinent vestiges *retained by* the...commission...transferred *subject to supervision* by the director of the department.

(Emphasis added). This language in no way indicates an abolition of any position within the Commission subsequent to a type II transfer to the DNR. Rather, under a type II transfer, "all...personnel...[is] retained by the...Commission,"[2] subject only to *supervision* by the Director. From this, the court cannot fathom how the position of Executive Secretary of the Clean Water Commission was eliminated or how the position's duties were transferred to the Director of the DNR. The OSRA and § 640.010 simply do not support such a proposition.[3]

Interesting to Appellants' argument are the statutory amendments made to Missouri's Air Conservation Law since the implementation of the OSRA. Under § 640.010.3, the Air Conservation Commission was also transferred to the DNR by a type II transfer. In the Revised Statutes, 1986, there remained an allowance for the Air Conservation Commission to appoint an Executive Secretary, *see § 643.040.4, RSMo 1986,* and for that Executive Secretary to issue permits for the Air Conservation Commission, *see § 643.075, RSMo 1986.* However, in 1992, obviously subse-

quent to the transfer of the Air Conservation Commission to the DNR, that language was amended. Under § 643.040, RSMo Cum Supp.1992, the provision for appointment of an Executive Secretary of the Air Conservation Commission was removed. Additionally, language in § 643.075, RSMo Cum Supp.1992, pertaining to the process of issuing permits, now referred to the Director of the DNR as opposed to the Executive Secretary of the Commission. It would seem that the position of Executive Secretary of the Air Conservation Commission was eliminated, and the statutes were amended to reflect that change. Additionally, it is apparent that the authority to issue permits under the Air Conservation Law is now vested in the Director of the DNR.

One might argue that, in actuality, the same disposition resulted within the Clean Water Commission after its type II transfer to the DNR. However, this court cannot rewrite the statutes for our legislature, regardless of any intent which may be shown by the amendment to the Air Conservation Law.[4] This court must apply the statutes as written, and the fact remains that the position of Executive Secretary of the Clean Water Commission is still found within Missouri's Clean Water Law, *see § 644.021.4,* and statutory authority for the issuance of permits continues to be vested in the Clean Water Commission, *see § 644.026.1(13).* Appellants' argument that the authority to issue permits under Missouri's Clean Water Law is now vested

---

**2.** Note the difference in a type I transfer, defined in § 1.7(a) OSRA, where "all...personnel" is "transfer[red] to the new department [of natural resources]."

**3.** Additionally, the actual permits granted in this case belie Appellants' arguments. The permits are captioned "DEPARTMENT OF NATURAL RESOURCES Missouri Clean Water Commission." However, the permits read that they are issued "in compliance with Missouri Clean Water Law, (Chapter 644)..." and end with the language, "This permit may be appealed in accordance with Section 644.051.6 of the Law." The permit forms are

signed by both the Director of Environmental Quality and the Director of Staff, Clean Water Commission. In considering Appellants' arguments, it is difficult to reconcile the fact that the permit specifically gives an appeal right under § 644.051.6, the Commission's name appears on the permits and it's Director of Staff is a signatory.

**4.** It is telling that there have been several amendments to the Clean Water Law in the years since the OSRA of 1974. However, the language of Chapter 644 has *never* been amended in the manner of the amendments to the Air Conservation Law in Chapter 643.

in the Director of the Missouri Department of Natural Resources is rejected. The statutory language of Chapter 644 clearly vests such authority within the Clean Water Commission. Any evidence to the contrary is unpersuasive to this court due to the unambiguous language found in Missouri's Clean Water Law. *See Chevalier*, 996 S.W.2d at 158 (holding that when a statute's language is clear, a court must give effect to that language as written).

### B.

■ After affirming that it is in fact the Clean Water Commission, through its Executive Secretary, that is vested with the statutory authority to issue permits under the Clean Water Law, the court must address Appellants' argument as to who has a right to appeal the issuance of such permits. As indicated above, Appellants rely upon § 640.010.1 in claiming that Appellant Craven has the right, as an affected party, to appeal the issuance of the operating permits granted to Respondent farms. That statute reads:

1. There is hereby created a department of natural resources in charge of a director…The director…shall faithfully cause to be executed all policies established by the boards and commissions assigned to the department…and his decisions *shall be subject to appeal* to the board or commission on request of…*affected parties.*

(Emphasis added). Due to this court's analysis in subsection A above, Appellants' argument must fail. Appellants assert an appeal right under § 640.010.1 which allows appeals to the Commission from decisions of the *Director.* However, as detailed above, the Director has no statutory authorization to issue NPDES permits. That authority is given to the Commission and its Executive Secretary. Appellant Craven cannot assert a right to appeal the issuance of the permits under § 640.010.1 because the issuance was, by statute, not a decision of the Director. Therefore, § 640.010.1 is inapplicable.

Appellants place additional reliance for their argument on the Code of State Regulations, specifically 10 CSR 20–6.020.6. That regulation reads as follows:

(A) The thirty (30) day limit provided for the filing of appeals to the commission established by sections 640.010.1 and 644.051.6, RSMo for appeals of conditions in issued permits shall be computed from the day of service of notice.

(D) The appeals referenced previously in subsection (6)(A) of this rule may be made by the applicant, permittee or any other person with an interest which is or may be adversely affected.

The CSR details that the issuance of a permit may be appealed under § 644.051.6 by "the applicant, permittee or any other person with an interest." This is in excess of § 644.051.6 which reads:

The executive secretary [of the Clean Water Commission] shall promptly notify the applicant [of the decision as to a requested permit]. The *applicant* may appeal to the commission…

■ (Emphasis added). The unambiguous language of § 644.051.6 gives an appeal right based on the issuance of a permit to the permit applicant *only.* The CSR attempts to give an appeal right under § 644.051.6 to the applicant, permittee, or any interested person. This is clearly in excess of the statute. "Administrative regulations…are…void if they attempt to modify or extend the statute." *Associated Industries of Missouri v. Angoff,* 937 S.W.2d 277, 282 (Mo.App.1996) citing *Missouri Hosp. Ass'n v. Missouri Dept. of Consumer Affairs,* 731 S.W.2d 262, 264 (Mo.App.1987). 10 CSR 20–6.020.6 goes beyond the scope of § 644.051.6. The trial court did not declare the regulation void. Appellants, however, have relied on 10 CSR 20–6.020 to support an affected party's right to appeal and have raised the

issue of the validity of this regulation to support their contentions. Therefore, that portion of the regulation that gives an affected party the right to appeal the issuance of a permit to the Commission is declared void.

■ Appellants further argue that the Clean Water Law is remedial and should be broadly and liberally construed to effectuate the purpose of the law. However, this will not here extend the scope of the Department's rulemaking power where the language of Chapter 644 is clear and directs that only an applicant may file an administrative appeal. *Brooks v. Pool–Leffler*, 636 S.W.2d 113, 117–8 (Mo.App. 1982). The statutes of Chapter 644 are clear and their language represents the true legislative intent. *Parmley v. Missouri Dental Board*, 719 S.W.2d 745, 755 (Mo. banc 1986). A right of appeal to a non-applicant for a permit may not be implied or created while the language of Chapter 644 remains in the statutes. *Bradley v. Ray*, 904 S.W.2d 302, 313–4 (Mo.App.1995); *Neighbors Against Large Swine Operations v. Continental Grain Company*, 901 S.W.2d 127, 129–131 (Mo. App.1995).

**C.**

■ The court is not unmindful of the Commission's concern, expressed in its reply brief, that if the trial court's ruling is upheld, Missouri may be out of compliance with federal law. 33 U.S.C. § 1342(b) requires a state's program to allow an "affected third party", like Craven, to be able to file an administrative appeal to the Commission regarding the granting of a permit. The reasoning is that if an affected third party is unable to administratively contest the granting of a permit (a) it will be more expensive to file a separate suit in circuit court, and, (b) the process will lose the expertise of the Clean Water Commission on a matter of technical interpretation

of environmental law. While the foregoing procedure may have been what our legislature desired, it did not so express such intent, and this court is not at liberty to interpret the Missouri statutes in a way to afford such a result. There is no method of construction which would enable this court to divine from the relevant and pertinent statutes authority for an affected party to appeal the grant of a permit to the Clean Water Commission. Without amendment of the present statutory scheme, only an applicant for a permit is allowed to appeal from a decision of the Clean Water Commission on the permit application.

The court is also mindful of Craven's argument, based on language contained in *Callahan v. Cardinal Glennon Children's Hospital*, 901 S.W.2d 270, 273 (Mo.App. 1995), that the legislature is presumed to have knowledge of the law, surrounding circumstances, and the purpose to be accomplished by the law. Craven argues the legislature was presumed to know (a) the regulations which gave the right of appeal to affected persons, (b) that the Attorney General had issued an opinion on the regulations,[5] and, (c) that the process of the Director issuing permits is "the practice which is followed." Suffice it to say, however, this attempt to use *Callahan* as support must fail. An attorney general's opinion is not the law, nor can a regulation which had no grounding in statute be later given legal validity simply because the legislature was "presumed to know" of the regulation. The fact that the general assembly did nothing to declare in plain language the right of an affected party to have administrative review, such as was done in the clean air area, makes it impossible for a court to declare the same result in the clean water legislation. On page 274 of the *Callahan* opinion appears language that a presumption must be given, "...that the legislature intended what the

5. That opinion reads as follows, "...initial responsibility for issuing Clean Water Commission permits...rests with the director of the

Department..." Op. Atty. Gen. No. 156 Wilson (8–18–76).

law states directly." Here the legislature did not give the right of agency or administrative appeal to affected parties such as Craven in the area of the granting of water discharge permits. "Our legislature easily could have inserted words..." that would have granted such rights. *Id.* at 274. As stated earlier, this court is not empowered to construe language that is silent, to declare an appeal process where none has appeared in the enactment. It would be tempting to declare the law as Appellants request and continue "the practice which is followed," that is that the Director of DNR issues the permits and that affected parties may appeal the granting of a permit to the Clean Water Commission. However, such a result cannot be reached under the clear language of the statutes.

## CONCLUSION

The trial court's grant of Respondents' writ of prohibition was a correct application of the law. Appellant Craven cannot assert the right to appeal an issued permit under § 640.010.1, as that statute deals only with appeals to the Commission from decisions of the Director of the Department of Natural Resources. The permits here involved were issued under the authority of the Clean Water Commission. Appeals from decisions of the Commission are governed by § 644.051.6. That statutory section gives only the permit applicant the right to appeal. Craven, therefore, did not have an appeal right before the Commission. Consequently, the language in 10 CSR 20–6.020(6)(D) which attempts to give an affected party an appeal right under § 644.051.6 ("or any other person with an interest which is or may be adversely affected") is declared null and void. Affirmed.

All Concur.