James McKINNEY, et al., Respondents,

v.

STATE FARM MUTUAL INSURANCE,
Appellant.

No. WD 61948.

Missouri Court of Appeals,
Western District.

Oct. 28, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 23, 2003.

Application for Transfer Denied
Jan. 27, 2004.

Michael E. McCausland, Kansas City, MO, for appellant.

Karen D. Renwick, Kansas City, MO, for respondents.

Before JAMES M. SMART, JR., P.J., ROBERT G. ULRICH and LISA WHITE HARDWICK, JJ.

ROBERT ULRICH, Judge.

State Farm Mutual Automobile Insurance Company ("State Farm") appeals the trial court's award of prejudgment interest on James McKinney's ("Mr. McKinney") uninsured motorist claim. State Farm claims that the trial court erred as a matter of law in awarding prejudgment interest under section 408.020, RSMo 2000, because Mr. McKinney's uninsured motorist claim was unliquidated and under section

408.040.2, RSMo 2000, because Mr. McKinney's claim is in contract not tort. The trial court's award of prejudgment interest is reversed.

### Factual and Procedural History

The vehicle in which Mr. McKinney and his wife, Virginia McKinney ("Mrs. McKinney"), were riding on May 22, 1999, was struck in the rear by a phantom vehicle.[1] An investigating law enforcement officer that was sent to the accident scene noted in the accident report that Mr. and Mrs. McKinney "advised him they had no injuries and refused medical attention." Approximately a month after the accident, Mr. McKinney sought medical treatment for back and neck pain that he attributed to the accident.[2] At the time of the accident, Mr. McKinney was insured by a State Farm automobile insurance policy that included uninsured motorist coverage.

State Farm received a certified letter dated January 19, 2000, from the McKinneys' attorney notifying it of the unsuccessful efforts to identify the phantom motorist. In the same letter, Mr. McKinney sought insurance coverage under the uninsured motorist provision for injuries he claimed were sustained due to the accident. The letter also demanded that State Farm compensate Mr. McKinney $27,500 before March 20, 2000, or the McKinneys would file suit against State Farm. The letter noted that in the event the matter went to trial and the jury rendered a verdict in excess of the $27,500 demand, the McKinneys would be entitled to prejudgment interest pursuant to section 408.040.2, RSMo 2000. Medical records

and physician's notes accompanied the demand letter. Counsel for the McKinneys sent a second letter to State Farm on April 17, 2000, indicating that the offer was extended until April 24, 2000, and included more medical documentation of Mr. McKinney's claimed injuries. State Farm paid $2,500 on Mr. McKinney's uninsured motorist claim and $1,135.10 on his medical claim.

The McKinneys filed suit against State Farm on October 10, 2001, alleging in the second amended petition for damages, numerous permanent and progressive physical injuries and mental anguish that Mr. McKinney sustained as a result of the vehicular accident. The petition also alleged Mrs. McKinney's claim for the loss of consortium as a result of her husband's injuries. The McKinneys also sought other recovery unrelated to the single issue now before this court. In its answer to the second amended petition, State Farm admitted that it was liable for benefits but disputed the amount of liability and the extent of Mr. McKinney's injuries.

The trial court and parties addressed the issue of prejudgment interest in pretrial proceedings. State Farm filed a motion in limine requesting that evidence regarding prejudgment interest be excluded. The trial court sustained the motion and determined that it would decide whether prejudgment interest should be awarded and, if so, the amount.

After a six day trial, the jury awarded Mr. McKinney $75,000 in uninsured motorist benefits and $2,000 in medical payment

---

1. The State Farm insurance policy issued to Mr. McKinney defines a "phantom vehicle" as "a land motor vehicle whose owner or driver remains unknown and causes *bodily injury* to the *insured*." (emphasis in original).

2. Mr. McKinney suffers from ankylosing spondylitis, a chronic condition that causes significant curvature of the spine. He claims that the accident exacerbated his condition and rendered him permanently physically disabled.

benefits.[3] It also awarded Mrs. McKinney $8,000 for her loss of services and consortium claim. The trial court entered judgment on the jury's verdict on July 24, 2002.[4] The trial court issued an amended judgment on August 23, 2002, awarding prejudgment interest on Mr. McKinney's personal injury claim at the rate of nine percent per annum from April 24, 2000, the date the McKinneys set for State Farm to respond to the $27,500 demand letter, through July 24, 2002, the date of judgment, in the amount of $14,851.89. The amended judgment omitted prejudgment interest on Mr. McKinney's medical payment benefits claim and Mrs. McKinney's claim for loss of services. This appeal by State Farm followed.

### State Farm's Claimed Error

State Farm claims in its only point on appeal that the trial court erred as a matter of law in awarding prejudgment interest on Mr. McKinney's uninsured motorist claim because: (a) an uninsured motorist claim is a contract action and section 408.040.2, RSMo 2000, is inapplicable to contract actions; and (b) the damages that Mr. McKinney sought were unliquidated in that they were not readily determinable, and section 408.020 allows prejudgment interest to be assessed against liquidated damages only.

### Standard of Review

■ The sole issue in this case is whether the trial court erred in applying sections 408.040.2, RSMo 2000, and 408.020, RSMo 2000, to award prejudg-

ment interest on the jury's award of uninsured motorist benefits to Mr. McKinney. This issue involves the interpretation of a statute and its application. Interpretation of a statute is a question of law. *Ochoa v. Ochoa,* 71 S.W.3d 593, 595 (Mo. banc 2002) (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Delta Air Lines, Inc. v. Dir. of Revenue,* 908 S.W.2d 353, 355 (Mo. banc 1995)). Whether a statute applies to a given set of facts is also a question of law. *Dep't of Natural Res. Parks & Recreation v. Lossos,* 960 S.W.2d 537, 542 (Mo.App. S.D.1998) (citing *Laclede Gas Co. v. Labor & Indus. Relations Comm'n,* 657 S.W.2d 644, 649 (Mo.App. E.D.1983)). Appellate review of questions of law is de novo. *Baris v. Layton,* 43 S.W.3d 390, 397 (Mo.App. E.D.2001) (citing *Boillot v. Conyer,* 861 S.W.2d 152, 155 (Mo.App.1993)). A reviewing court gives no deference to the trial court's judgment "where resolution of the controversy involves a question of law." *MFA Mut. Ins. Co. v. Home Mut. Ins. Co.,* 629 S.W.2d 447, 450 (Mo.App. W.D.1981) (citing *See v. St. Paul Ins. Co.,* 577 S.W.2d 150 (Mo.App. 1979)).

### Prejudgment Interest

■ State Farm claims in its only point on appeal that the trial court erred as a matter of law in awarding prejudgment interest on Mr. McKinney's uninsured motorist coverage claim for personal injuries. "Judgments do not bear interest either as a matter of legal right or under the common law." *A.G. Edwards & Sons, Inc. v. Drew,* 978 S.W.2d 386, 396 (Mo.App. E.D.

---

3. The awards were reduced by State Farm's payments of $2,500 and $1,135.10 respectively.

4. The trial court initially awarded Mrs. McKinney prejudgment interest on her $8,000 award for loss of services in the amount of $1,617.37 and on Mr. McKinney's medical

payment claim in the amount of $26.44. State Farm filed a motion to amend the judgment claiming that the McKinneys were not entitled to any prejudgment interest. The trial court filed an amended judgment limiting the award of prejudgment interest to Mr. McKinney's uninsured motorist claim.

1998) (citing 47 C.J.S. *Interest & Usury* § 23 (1982)). Prejudgment interest must be based upon either a statute or a contract, either express or implied. *Id.* (citing *Denton Constr. Co. v. Mo. State Highway Comm'n*, 454 S.W.2d 44, 59 (Mo.1970); *St. John's Bank & Trust Co. v. Intag, Inc.*, 938 S.W.2d 627, 630 (Mo.App.1997)). The insurance policy between State Farm and Mr. McKinney does not provide for prejudgment interest. Thus, the trial court's award of prejudgment interest must be based upon statute.

### Section 408.040.2

Prejudgment interest is provided for under sections 408.020, RSMo 2000 (contract), and 408.040.2, RSMo 2000 (tort). The trial court's amended judgment does not state which statute the court applied in awarding prejudgment interest on Mr. McKinney's uninsured motorist claim. The portion of the judgment awarding prejudgment interest states: "personal injury prejudgment interest at the rate of 9% per annum from April 24, 2000, through July 24, 2002." Although the trial court does not specify the statutory basis for its prejudgment award, the language of the judgment suggests the award is in tort and that the trial court applied section 408.040.2 in awarding prejudgment interest. Section 408.040.2, RSMo 2000, provides:

> In tort actions, if a claimant has made a demand for payment of a claim or an offer of settlement of a claim, to the party, parties or their representatives and the amount of the judgment or order exceeds the demand for payment or offer of settlement, prejudgment interest, at the rate specified in subsection 1 of this section, shall be calculated from a date sixty days after the demand or offer was made, or from the date of the demand or offer was rejected without counter offer, whichever is earlier. Any

such demand or offer shall be made in writing and sent by certified mail and shall be left open for sixty days unless rejected earlier. Nothing contained herein shall limit the right of a claimant, in actions other than tort actions, to recover prejudgment interest as otherwise provided by law or contract.

The trial court awarded prejudgment interest beginning April 24, 2000, the date the McKinney's demand for settlement of their claims was rejected by State Farm without counteroffer.

State Farm contends that the trial court erred in awarding prejudgment interest on Mr. McKinney's uninsured motorist claim pursuant to section 408.040.2, RSMo 2000, because that statute is inapplicable to this action in that this is a contract action and section 408.040.2 is limited to tort actions. Mr. McKinney counters that the insurance policy between him and State Farm provides that State Farm will step into the shoes of an uninsured motorist and pay him the damages he could legally recover from the uninsured motorist for the motorist's tortious conduct.

Section 408.040.2 unambiguously states that it applies to tort actions. A statute is interpreted by its plain and ordinary meaning. *Craven v. State ex rel. Premium Standard Farms, Inc.*, 19 S.W.3d 160, 164 (Mo.App. W.D.2000) (citing *In re Estate of Chevalier*, 996 S.W.2d 156, 158 (Mo.App.1999)). When a statute's language is clear, a reviewing court must give effect to its language. *Id.* The question, therefore, is whether a claim for uninsured motorist benefits is an action in tort.

The right to recover on an uninsured motorist claim is an action in contract, not in tort. *Cobb v. State Sec. Ins. Co.*, 576 S.W.2d 726, 736 (Mo. banc 1979); *see also Edwards v. State Farm Ins. Co.*, 574 S.W.2d 505, 506 (Mo.App.1978) (citing

*Hill v. Seaboard Fire & Marine Ins. Co.,* 374 S.W.2d 606 (Mo.App.1963); *Reese v. Preferred Risk Mut. Ins. Co.,* 457 S.W.2d 205 (Mo.App.1970)). Section 379.203.1, RSMo 2000, requires automobile liability policies to contain uninsured motorist coverage.[5] The statute was designed to provide coverage to insureds who are injured by drivers of uninsured motor vehicles. *Automobile Club Inter–Ins. Exch., By and Through Club Exch. Corp. v. Farmers Ins. Co.,* 646 S.W.2d 838, 840 (Mo.App. E.D. 1982) (citing *Harrison v. MFA Mut. Ins. Co.,* 607 S.W.2d 137, 140 (Mo. banc 1980)). Because uninsured motorist coverage is provided for in the agreement between the insurance company and the insured, the right of the insured party to recover from an uninsured motorist carrier is on the contract rather than in tort. *Id.* (citing *Cobb,* 576 S.W.2d at 736). An uninsured motorist coverage claim is a separate and distinct cause of action from the tort claim asserted against the uninsured motorist. *Shafer v. Auto. Club Inter–Ins. Exch.,* 778 S.W.2d 395, 399 (Mo.App. S.D.1989) (citing *Oates v. Safeco Ins. Co. of Am.,* 583 S.W.2d 713, 717 (Mo. banc 1979)). Because an action on the uninsured motorist provision of an automobile insurance policy is a contract action, it is governed by the ten-year contract statute of limitations instead of the five-year tort statute of limitations. *Welch v. Auto. Club Inter–Ins. Exch.,* 948 S.W.2d 718, 721 (Mo.App. E.D.1997) (citing *Edwards v. State Farm Ins. Co.,* 574 S.W.2d 505, 506 (Mo.App. W.D.1978)).

The combination of the plain language of the statute and the case law described above establish that Mr. McKinney's uninsured motorist claim against State Farm was not a tort action. Nonetheless, Mr. McKinney contends that prejudgment interest may be awarded on an uninsured motorist claim pursuant to section 408.040.2. He cites *Hopkins v. American Economy Insurance Company,* 896 S.W.2d 933, 939 (Mo.App. W.D.1995), for such a proposition.

In *Hopkins,* a father and daughter brought a lawsuit against their insurance company seeking uninsured motorist benefits and damages for the insurance company's vexatious refusal to pay under the underinsured provision of the policy. *Id.* at 936. Their suit originated out of an accident in which a negligent, underinsured driver hit their vehicle causing the father severe injuries and killing the mother. *Id.* at 935. The underinsured driver's insurance paid $25,000 to the father for his personal injury claim and $50,000, the policy limit, to the daughter on the wrongful death claim of the mother. *Id.* The issues in the case were whether the stacking of three separate insurance policies was allowed and whether the father's insurance company was entitled to an offset of the amount paid by the negligent driver's insurance on any amount that it might be liable for under the underinsured motorist provision. *Id.* The jury awarded underinsured motorist benefits as well as prejudgment interest. *Id.* at 936. The insurance company moved for judgment notwith-

---

**5.** Section 379.203.1, RSMo 2000, provides, in pertinent part:

No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or sup-

plemental thereto ... in not less than the limits for bodily injury or death set forth in section 303.030, RSMo, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom....

standing the verdict on the vexatious refusal claim. *Id.* The trial court granted the motion. *Id.* The appellate court affirmed this ruling. *Id.*

On appeal, the *Hopkins* court, applying Rule 84.13(c), addressed the issue of prejudgment interest. Specifically, the issue raised was whether the award for prejudgment interest could stand when it was improperly submitted under the vexatious refusal to pay jury verdict form instead of under the damages form. *Id.* at 945. The *Hopkins* court ruled that denying the plaintiffs prejudgment interest simply because it was included under the wrong verdict form would be unjust when the jury had clearly intended to award prejudgment interest. *Id.* at 946.

Mr. McKinney argues that the *Hopkins* decision stands for the proposition that prejudgment interest may be awarded on an uninsured or underinsured motorist claim under section 408.040.2, RSMo 2000. The *Hopkins* court made the statement: "Pre-judgment interest is allowed under § 408.040.2, RSMo 1994." *Id.* at 945. This statement was not, however, necessary to the decision of the case. "A judicial opinion should be read in light of the facts pertinent to that case, it being improper to give permanent and controlling effect to statements outside the scope of the real inquiry of the case." *State ex rel. Casey's Gen. Stores, Inc. v. City of West Plains,* 9 S.W.3d 712, 720 (Mo.App. S.D.1999) (citing *State v. Miles Labs.* 365 Mo. 350, 282 S.W.2d 564, 573 (1955)). Because the *Hopkins* court never directly addressed whether that statute applies to uninsured or underinsured motorist claims, its statement regarding section 408.040.2 is dictum and not controlling in this decision.

Few cases have addressed the issue of whether section 408.040.2, RSMo 2000, allows an award of prejudgment interest on an uninsured motorist claim. The only case directly addressing the issue is *Smiley v. Farmers Insurance Co.,* 749 S.W.2d 711 (Mo.App. S.D.1988). In *Smiley,* the children of a pedestrian killed by an uninsured motorist sought uninsured motorist benefits under the pedestrian's insurance policy. *Id.* at 711. The jury awarded damages in the amount of $100,000 and assessed thirty percent fault to the pedestrian and seventy percent fault to the motorist. *Id.* The children appealed claiming that the trial court erred in failing to award prejudgment interest. *Id.* at 713. The *Smiley* court affirmed the trial court's decision and noted:

> Plaintiffs do not contend that § 408.040.2, RSMo Supp.1987, which provides for prejudgment interest in certain circumstances in "tort actions" applies. They do contend that the intent of it was to implement a public policy, which required pre-judgment interest in order to encourage early settlement of cases and to discourage long drawn out litigation.

*Id.* at 713–14. The *Smiley* court held that section 408.040.2 does not allow prejudgment interest on an uninsured motorist claim because it is not a "tort action." *Id.* at 714. Additionally, it refused to expand public policy to allow prejudgment interest on an uninsured motorist claim. *Id.*

Mr. McKinney contends that section 408.040.2, RSMo 2000, should not be literally construed to exclude all actions other than "tort actions." He claims that uninsured motorist benefits under a contract arise out of a tort committed by the uninsured motorist. Mr. McKinney claims that tort concepts are inextricably tied to uninsured motorist claims. As a result, he argues that section 408.040.2's reference to "tort actions" should include uninsured motorist claims.

The language of section 408.040.2 is clear and unambiguous. "Where the language of the statute is clear and unambiguous, there is no room for construction." *Long v. Interstate Ready Mix, L.L.C.*, 83 S.W.3d 571, 576 (Mo.App. W.D.2002) (citing *Wolff Shoe Co. v. Dir. of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988)). A statute is clear and unambiguous when it is plain and clear to a person of ordinary intelligence. *Id.* Although Section 408.040.2 provides that it applies "in tort actions," it does not define "tort actions." When a statute fails to define a word, a dictionary may be consulted to verify the word's plain and ordinary meaning. § 1.090, RSMo 2000;[6] *Friends of Agric. for Reform of Mo. Envtl. Regulations v. Zimmerman*, 51 S.W.3d 64, 78 (Mo.App. W.D.2001) (citation omitted). Tort is defined as "[a] private or civil wrong or injury, other than a *breach of contract* . . ." BLACK'S LAW DICTIONARY 1335 (5th ed.1979) (emphasis added). A tort action does not include a breach of contract claim. Because the statute is so limiting, the appellate court's duty does not include expanding the reach of section 408.040.2 beyond the unambiguous, clear, and plain language of the statute. Section 408.040.2 does not provide authority for the trial court to award prejudgment interest on an uninsured motorist claim. Accordingly, Mr. McKinney's argument fails.

Mr. McKinney's final claim regarding section 408.040.2 is that, under the uninsured motorist coverage provision, State Farm agreed to step into the shoes of the uninsured motorist and, as a consequence, is liable for all the damages that he is legally entitled to collect from the uninsured motorist. He claims that prejudgment interest is a component of the damages that he is legally entitled to collect from the uninsured motorist. Mr. McKinney argues that because State Farm steps into the shoes of the uninsured motorist, it is liable for prejudgment interest on his uninsured motorist claim.

The uninsured motorist provision of the automobile insurance policy provides that "[State Farm] will pay damages for bodily injury an insured is *legally entitled to collect* from the owner or driver of an uninsured motor vehicle." (emphasis added). Mr. McKinney asserts that the phrase "legally entitled to collect" means that he may recover from State Farm any damages recoverable from the uninsured motorist, including prejudgment interest. Missouri precedent holds that an insurer does not step into the uninsured motorist's shoes. In *Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713, 717 (Mo. banc 1979), the Missouri Supreme Court held that the insured's waiver of his tort action against the uninsured motorist did not prevent him from collecting uninsured motorist benefits from his insurance company notwithstanding the fact that this prevented his insurance company from exercising its right to subrogation against the uninsured motorist. The court quoted the following provision from *Edwards v. State Farm Insurance Company*, 574 S.W.2d 505, 508 (Mo.App.1978), in making its decision:

> This is another phase of the (already rejected) argument that the insurer stands in the shoes of the uninsured motorist and therefore should have all his rights. The insurer has not so contracted in the uninsured motorist endorsement. . . . the action by an insured against his insurer under the uninsured motorist endorsement is an action on the

---

**6.** "Words and phrases shall be taken in their plain or ordinary and usual sense." § 1.090, RSMo 2000.

policy and sounds in contract although in order to recover the insured must prove the negligence of an uninsured motorist. (quoting *Sahloff v. W. Cas. & Sur. Co.*, 45 Wis.2d 60, 171 N.W.2d 914 (1969)). Similarly, in *Edwards*, this court held that where the insured failed to file suit against the uninsured motorist within the five-year tort statute of limitations, the insured was not barred from filing a contract suit against its insurer pursuant to the uninsured motorist provision more than five years but less than ten years after accident because the suit against the insurer sounded in contract. 574 S.W.2d at 508.

Section 408.040.2, RSMo 2000, is limited to tort actions and does not authorize a trial court to award prejudgment interest on uninsured.motorist claims. To the extent that the trial court relied on section 408.040.2 in awarding prejudgment interest in this case, its award was in error.

### Section 408.020

▉ Section 408.020, RSMo 2000, also governs prejudgment interest and provides, in pertinent part: "Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no rate is agreed upon, for all moneys after they become due and payable, on written contracts...." Missouri precedent has consistently applied section 408.020, RSMo 2000, to insurance contracts. *Ins. Co. of N. Am. v. Skyway Aviation, Inc.*, 828 S.W.2d 888, 892 (Mo.App. W.D.1992) (section 408.020 applies to insurance contracts); *DeLisle v. Cape Mut. Ins. Co.*, 675 S.W.2d 97, 104 (Mo.App. S.D.1984) (same) (citing *St. Joseph Light & Power Co. v. Zurich Ins. Co.*, 698 F.2d 1351 (8th Cir. 1983)). As a rule, in the absence of an agreement to the contrary,[7] prejudgment interest is only awarded under section

408.020, RSMo 2000, on liquidated claims. *Baris*, 43 S.W.3d at 397 (citing *Schnucks Carrollton Corp. v. Bridgeton Health & Fitness, Inc.*, 884 S.W.2d 733, 740 (Mo. App.1994)). "A liquidated claim is one which is fixed and determined or readily ascertainable by computation or a recognized standard." *Id.* Courts may not award prejudgment interest for "an unliquidated claim because the liable party does not know the amount it owed and should not be considered in default for failure to pay." *Am. Laminates, Inc. v. J.S. Latta Co.*, 980 S.W.2d 12, 24 (Mo.App. W.D.1998) (citing *Fohn v. Title Ins. Corp. of St. Louis*, 529 S.W.2d 1, 5 (Mo. banc 1975)).

State Farm argues that section 408.020, RSMo 2000, does not apply to Mr. McKinney's claim for uninsured motorist benefits because his claim was unliquidated. Mr. McKinney counters that several common law exceptions exist to the general rule that prejudgment interest is not awarded on an unliquidated claim. He asserts that public policy and equitable principles of fairness and justice dictate that he be awarded prejudgment interest on his uninsured motorist claim. Mr. McKinney claims that the measure of damages was known and that the only dispute between the parties was the amount due on the policy.

▉ In this case, State Farm did not dispute its liability under Mr. McKinney's uninsured motorist benefits. The parties disputed the amount of damages sustained by Mr.. McKinney. In his second amended petition for damages, Mr. McKinney sought damages for (a) serious, permanent, and progressive injury to neck, back, and shoulder; (b) aggravation of ankylosing spondylitis, arthritis, and upper GI bleeding; (c) permanent and total body

---

**7.** *Bolivar Insulation Co. v. R. Logsdon Builders, Inc.*, 929 S.W.2d 232, 236 (Mo.App. S.D. 1996) (quoting *Burger v. Wood*, 446 S.W.2d 436, 443 (Mo.App.1969)).

disability; (d) emotional and psychological injury; (e) past and future pain, suffering, mental anguish, and loss of ability to enjoy life; (f) past and future medical expenses; and (g) past and future lost wages and loss of earning capacity. Many of these damages are not readily ascertainable by computation nor can they be determined by a recognized standard. "Damages for personal injuries ... cannot be computed by any exact mathematical rule or formula and, while, certain elements may be called to the attention of the jury so as to aid them, after all, the ultimate test is, What will fairly and reasonably compensate plaintiff for his injuries?" *Wheeler v. Breeding*, 109 S.W.2d 1237, 1244 (Mo.App. 1937). The amount of personal injury damages to be awarded are primarily within the discretion of the jury. *Wright v. Long*, 954 S.W.2d 470, 472 (Mo.App. W.D. 1997) (citing *Kenniston v. McCarthy*, 858 S.W.2d 268, 271 (Mo.App.1993)). Personal injury damages are, thus, unclear. Prejudgment interest is not awarded when the amount of damages is unclear. *H & B Masonry Co., v. Davis*, 32 S.W.3d 120, 125 (Mo.App. E.D.2000) (citing *Fohn*, 529 S.W.2d at 5). Mr. McKinney's uninsured motorist claim was unliquidated because the amount of damages that he sustained was not readily determinable.

Mr. McKinney argues that a trial court must consider principles of equity and fairness in determining whether to award prejudgment interest. He cites *Catron v. Columbia Mutual Insurance Co.*, 723 S.W.2d 5 (Mo. banc 1987), for the proposition that a trial court may make an exception to the general rule that prejudgment interest is not awarded on an unliquidated claim. In *Catron*, the Missouri Supreme Court recognized several exceptions to the general rule that prejudgment interest is not recoverable on an unliquidated claim. *Id.* at 6–7. Prejudgment interest has been awarded on an unliquidated claim in the following situations: (1) when the amount of damages may be ascertained by reference to a recognized standard or mathematical calculation; (2) in condemnation cases where the dispute is about the amount of condemnation to be paid; (3) when an unliquidated demand for quantum meruit was made; (4) when a liquidated claim is interposed with an unliquidated counterclaim, setoff or recoupment; and (5) when the only contested issue between the parties is liability and the defendant does not dispute the dollar amount of damages. *Id.* at 8 (Robertson, J., concurring) (citations omitted). None of these exceptions apply in the present case. *See also Vaughn v. Michelin Tire Corp.*, 756 S.W.2d 548, 562 (Mo.App. S.D.1988) (declining to "enter into a theoretical discussion of the propriety of awarding prejudgment interest on unliquidated claims or demands" and refusing to follow those cases in which courts have deviated from the general rule that an award of prejudgment interest is not allowed on an unliquidated claim because the *Vaughn* case bore no resemblance to those cases). Section 408.020, RSMo 2000, does not provide for an uninsured motorist claim exception to the general rule. Creating such an exception would contravene the General Assembly's intent in enacting section 408.020, RSMo 2000. If the General Assembly intended for such an exception to exist, it would have provided for one in section 408.020, RSMo 2000.

Mr. McKinney also claims that since the Missouri Supreme Court's decision in *Catron*, several courts have awarded prejudgment interest on unliquidated insurance claims notwithstanding the fact that the parties disputed the amount of damages. Specifically, he cites *Davis v. Stewart Title Guaranty Co.*, 726 S.W.2d 839 (title insurance claim), *George K. Baum Properties Inc. v. Columbian National Title Insur-*

*ance Co.,* 763 S.W.2d 194 (title insurance claim), *Mauer v. Board of Trustees of Missouri State Employees Retirement System,* 762 S.W.2d 517 (Mo.App. W.D.1988) (medical payment claim under a medical care plan), *Huffstutter v. Michigan Mutual Insurance Co.,* 778 S.W.2d 391 (Mo.App. E.D.1989) (property damage claim under a fire insurance policy), and *Nodaway Valley Bank v. Continental Casualty Co.,* 916 F.2d 1362 (8th Cir.1990) (claim for settlement costs and attorneys fees under an officers and directors liability policy). These cases are distinguishable from the present one in that none of these cases have held that prejudgment interest is recoverable on an uninsured motorist claim. These cases are inapposite to the present case. For that reason, Mr. McKinney's argument fails.

State Farm's point on appeal is granted. Neither section 408.040.2, RSMo 2000, nor section 408.020, RSMo 2000, applies to this case. Section 408.040.2 applies to tort actions only. Because this case is a contract case, the trial court erred in relying on section 408.040.2 in awarding prejudgment interest on Mr. McKinney's uninsured motorist claim. Likewise, under section 408.020, a trial court may award prejudgment interest on a liquidated claim. Here, Mr. McKinney's claim was unliquidated because it was not capable of reasonable determination. The trial court erred in awarding prejudgment interest on Mr. McKinney's uninsured motorist claim pursuant to section 408.020.

### Conclusion

Neither section 408.040.2 nor section 408.020 authorize an award for prejudgment interest on Mr. McKinney's personal injury award under the uninsured motorist provision of the insurance policy. The trial court's award of prejudgment interest is reversed. In all other respects, the trial court's opinion is affirmed.

All concur.